**James Paul GILL, Appellant,**

v.

**STATE of Texas, Appellee.**

No. B14–83–398CR.

Court of Appeals of Texas, Houston (14th Dist.).

May 3, 1984.

Roy Beene, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was convicted by a jury of promotion of obscenity and the court assessed punishment at ten days in the Harris County Jail and a fine of $500.00.

On January 26, 1983, Officer Price of the Vice Division of the Houston Police Department went to the Sun Adult Theatre in Harris County. There were several num-bered magazines stapled to the wall. The officer informed appellant of his selection. Appellant then looked through a file cabinet but was unable to locate the officer's choice. The officer removed the magazine from the wall and purchased it from appellant. Appellant was subsequently arrested and convicted. We affirm.

■ Appellant presents fifteen grounds of error. In his first thirteen grounds, appellant contends the trial court erred in denying the introduction of certain exhibits offered upon the issue of contemporary community standards. Grounds of error one and two allege error in the exclusion of the Houston Chronicle and Southwestern Bell Telephone Company Yellow Pages (Consumer Telephone Directory). Prior to appellant's offering these as Defendant's Exhibits, the pertinent contents of such were placed before the jury in cross-examination of the State's witness, Officer Price. The officer testified that he had been to several of the adult book stores named in the yellow pages and that he had been to numerous theatres advertised in the Chronicle and both depicted material similar to the magazine in question. Since the same evidence was introduced otherwise, any error in such denial was harmless. *Gonzalez v. State*, 571 S.W.2d 11 (Tex.Crim.App. 1978). Appellant's first two grounds of error are overruled.

In grounds of error three through thirteen, appellant contends the trial court committed reversible error by refusing the introduction of nine magazines which he claimed related to the contemporary community standard issue.

■ The defendant in an obscenity prosecution is entitled to adduce relevant, competent evidence bearing on the issues. *Hamling v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Evidence must be relevant to a contested issue in order to be admissible. *Stone v. State*, 574 S.W.2d 85 (Tex.Crim.App.1978). The determination of relevancy is within the discretion of the trial court and will not be reversed unless a clear abuse of discretion

is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Crim.App.1976); *Stone, supra.*

■ The federal courts have held that there is a two-pronged test to determine the relevancy of evidence in obscenity cases as to the issue of community standards: (1) the proponent must show that the materials offered are in fact similar to the allegedly obscene material, and (2) the proponent must establish a reasonable degree of community acceptance of the proffered materials. *United States v. Pinkus*, 579 F.2d 1174 (9th Cir.1978), cert. dismissed, 439 U.S. 999, 99 S.Ct. 605, 58 L.Ed.2d 674 (1978). Appellant failed to establish that the comparables he sought to introduce were similar to the magazine in issue. Appellant sought to introduce these exhibits through Albert Valadez, a law clerk employed by the defense attorney. Valadez testified that he had bought the nine magazines at various locations in Harris County and he was familiar with their content. Valadez further testified on voir dire that he had not looked through the magazine in issue and that he had looked only at its cover. This testimony is insufficient to qualify these exhibits. Valadez failed to establish the similarity between these exhibits and the magazine in issue. The court acted within its discretion. *Williams, supra.* Appellant's grounds of error three through thirteen are overruled.

■ In his fourteenth ground of error, appellant contends the trial court erred in failing to give a jury instruction he requested stating "that a bookseller is not required by our laws to make himself aware of the contents and character of every book in his store." The instruction actually given instructed the jury that in order to convict appellant, they had to find that he "... did then and there unlawfully and knowing the content and character of the material ..." sell such material. The charge given was substantially the same as the provisions of TEX.PENAL CODE ANN. § 43.21 and § 43.23(c) (Vernon 1981). When the charge given is a correct statement of the law, there is no harm in refusing another requested charge. *Bell v.*

*State*, 582 S.W.2d 800 (Tex.Crim.App.1979). Appellant's fourteenth ground of error is overruled.

■ In his final ground of error, appellant complains of the trial court's failing to instruct the jury to exclude children from being part of the "community" whose standards relate to the acceptance of "obscene materials."

The jury was instructed that "obscene" means material that "the average person, applying contemporary community standards, would find that taken as a whole, appeals to the prurient interest in sex ...." This charge was sufficient. *Hoyle v. State*, 650 S.W.2d 97 (Tex.App.—Houston [14th Dist.] 1983, pet. granted). The courts have implied that the court need not specify the age or maturity of the community. *Boyd v. State*, 643 S.W.2d 700 (Tex. Crim.App.1982). Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.