**Aubrey Buddy BURCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0680–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 20, 1985.

Michael A. Maness, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., William J. Delmore, III, Cheryl Gillum Turner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before DUNN, JACK SMITH and COHEN, JJ.

## OPINION

DUNN, Justice.

Appellant, Aubrey Buddy Burch, was found guilty of selling an obscene magazine in violation of Tex.Penal Code Ann. sec. 43.23(c)(1) (Vernon Supp.1985). No physical evidence was produced at trial; the trial court's finding was based only on the following:

### STIPULATION OF EVIDENCE

COMES NOW THE STATE OF TEXAS by and through her attorney, Cheryl Gillum Turner, and the Defendant in this cause by and through his attorney Mike Maness and stipulates to the following facts:

### I.

That on March 28, 1984 Officer T.K. Cox, Houston Police Department Vice Division, entered Mr. Peepers Bookstore located at 5406 Airline in Harris County, Texas. Before entering the bookstore officer Cox observed a painted sign in front of the bookstore which gave notice that no one under the age of eighteen may enter the store and that if sexually explicit material offends you do not enter. Upon entering the bookstore Officer Cox observed numerous racks of magazines on display for sale. Officer Cox also observed the Defendant, Aubrey Buddy Burch, standing behind the counter used for payment of the magazines. Officer Cox selected the magazine "Triple Anal Action" from one of the racks. The officer handed this magazine to the Defendant. In presenting the magazine to the Defendant, the officer presented it with the rear cover facing up so the Defendant could see the cover which depicts a white female sitting backwards on the lower stomach of a white male and the male has his penis in her anus. The Defendant turned the magazine over to the front cover which depicts a white female lying between two white males and engaging in sexual intercourse and anal sodomy. The Defend-

ant sold the magazine "Triple Anal Action" to Officer Cox for $15.85. Officer Cox subsequently viewed the magazine in its entirety and observed three separate sections in the magazine. Each section depicted scenes of sexual intercourse, oral sodomy, anal sodomy, and male ejaculation.

Section 43.23(c)(1) provides that "a person commits the offense of obscenity if, knowing its content and character, he promotes or possesses with intent to promote any obscene material." Appellant's punishment was assessed by the trial court at a $200 fine.

No exhibits were produced at trial except the stipulation of evidence set out above. The magazine was not introduced into evidence.

■ In an obscenity case, the state must establish that the material alleged to be obscene depicts and describes "patently offensive" representations of actual or simulated sexual intercourse, anal intercourse or oral sodomy, before the material can be found to be obscene. The state had to prove this element of the offense beyond a reasonable doubt before a valid conviction could occur. *Andrews v. State,* 652 S.W.2d 370, 374 (Tex.Crim.App.1983).

In *Davis v. State,* 658 S.W.2d 572, 581 (Tex.Crim.App.1983), the Court of Criminal Appeals held that "[f]or the reasons stated in this court's decision of *Andrews v. State,* ... it is now incumbent upon the trial court and, if conviction and appeal, the appellate court to make the *independent* determination of whether material that is alleged to be obscene is factually and constitutionally obscene, if issue is made in the trial or appellate court whether the material is obscene, either constitutionally or factually."

■ In the present case, appellant pleaded not guilty in the trial court and raises the issues of constitutional and factual obscenity on appeal. Therefore, under the holdings in *Andrews* and *Davis,* both this court and the trial court are obligated to evaluate the obscene material in ques-

tion to determine whether it was factually and constitutionally obscene. The stipulation of evidence does not eliminate this need for independent review. *Davis*, 658 S.W.2d at 581.

We therefore hold that the stipulation of evidence, standing alone, is insufficient to support the trial court's finding that the magazine was obscene.

The judgment of conviction is reversed, and the trial court is ordered to enter a judgment of acquittal.