**Yolanda Theresa LOREDO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00259–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 5, 1990.

Ray Barr, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

EVANS, Chief Justice.

In a nonjury proceeding, the court convicted appellant of operating a sexually-oriented business without a permit and assessed her punishment at 30 days confinement and a $250 fine.

In five points of error, appellant contends that the trial court erred: (1) by denying appellant a new trial after imposing a higher sentence than is allowed by law; (2) by not granting a new trial on the ground that her conviction was based on a fundamentally defective information; (3) by not granting her a new trial because of the denial of her right to equal protection under the United States and Texas Constitutions; (4) by not granting her a new trial because of a denial of her constitutional right to due process of law under the fourteenth amendment of the United States Constitution and article I, section 19 of the Texas Constitution; and (5) in quashing subpoenas at the motion for new trial hearing.

In her first point of error, appellant contends that the court erred in denying her a new trial after imposing a higher sentence than allowed by law. Under this point, appellant asserts that the trial court improperly assessed her punishment as a class B misdemeanor, and that the offense charged in the indictment is punishable by a fine only. She argues, in effect, that because she was not charged and convicted

of a class B misdemeanor, the maximum punishment was a fine of not less than $150 nor more than $200.

In a companion case, *Dedonato v. State*, 789 S.W.2d 321 (Tex.App.—Houston [1st Dist.], 1990 n.p.h.), we were presented with similar arguments. There, as in this case, the information charged that defendant intentionally and knowingly delivered and provided merchandise, goods and entertainment in a sexually-oriented commercial enterprise, which did not have the permit required by chapter 28, article III, section 28–122(a) of the Houston city ordinance governing such enterprises. In *Dedonato*, we concluded that the violation of the location requirements of the ordinance is punishable as a class B misdemeanor. Because appellant in *Dedonato* failed either to present a motion to quash or to object to the information, and did not challenge the sufficiency of the evidence showing a location offense, she waived the alleged defect in the information, i.e., the absence of an allegation charging the location violation. Here, as in *Dedonato*, appellant failed to present a motion to quash or otherwise object to the information at or before trial, and she does not challenge the sufficiency of the evidence showing the location offense.

In enacting Tex. Local Gov't Code Ann. sec. 243.001(a) (Vernon 1988), the Texas legislature determined:

> the unrestricted location of certain sexually-oriented businesses may be detrimental to the public health, safety, and welfare by contributing to the decline of residential and business neighborhoods and the growth of criminal activity.

We conclude that the ordinance adopted pursuant to the Local Government Code is rationally related to the goals of the legislature, and that it directly impacts the interests identified by the legislature.

We overrule appellant's first point of error.

In appellant's second point of error, she contends the trial court erred by not granting her a new trial because her conviction was based upon a fundamentally defective information. She argues that the information is fundamentally defective because it failed to allege a culpable mental state.

Again, we note that appellant did not present a motion to quash or object to the information at or before the date on which the trial on the merits commenced. Therefore, she waived any right to assert the objection on appeal. Tex.Code Crim.P.Ann. art. 1.14(b) (Vernon Supp.1989).

The second point of error is overruled.

■ In her third point of error, appellant challenges the ordinance on equal protection grounds under the United States and Texas Constitutions. She contends the enforcement provisions, which target "employees" and those "conducting business," are not rationally related to the city's interest in regulating sexually-oriented businesses. She asserts that no rational relationship exists because such "employees" and those "conducting business" have no control over the conduct of the business that is subject to regulation.

By way of example, appellant argues that an unsuspecting truck driver, who delivers ice to a sexually-oriented business, could be convicted of violating the ordinance. We disagree.

The ordinance states that a person who delivers "to any *customer* any merchandise," or goods on the premises, is "conducting business for purposes of the ordinance" (emphasis added). The focus of the ordinance is on persons conducting business with *customers* of a sexually-oriented business, not on persons conducting business with the business itself. Thus, in the hypothetical situation posed by appellant, the truck driver delivering ice to a sexually-oriented business would not be criminally liable under the ordinance.

The third point of error is overruled.

■ In her fourth point of error, appellant challenges the ordinance on due process grounds based on the United States and Texas Constitutions. She argues that the ordinance denies her fair notice that she may be subject to the offense of operating a sexually-oriented business. The

Houston city ordinance is not in the record before us, but appellant has cited the applicable portions in her brief. The ordinance provides:

(a) It shall be unlawful for any person to own, operate or conduct any business in an enterprise located within the city unless there is a permit for the enterprise.

(b) It shall be unlawful for any person to own, operate, or conduct any business in an enterprise located within the city unless the permit is posted at or near the principal public entrance to the enterprise in such a manner that it will be conspicuous to patrons who enter the premises.

(c) In any prosecution under subsection (a) above, it shall be presumed that there was no permit at the time of the alleged offense, unless a permit was then posted as provided in subsection (b).

Code of Ordinances, City of Houston, Texas ch. 28, art. III, section 28–122 (1988). The ordinance specifically defines conducting business for purposes of enforcement:

Any person who does any one (1) or more of the following shall be deemed to be conducting business in an enterprise:

(1) Operates a cash register, cash drawer or other depository on the enterprise premises where cash funds or records of credit card or other credit transactions generated in any manner by the operation of the establishment or the activities conducted therein are kept;

(2) Displays or takes orders from any customer for any merchandise, goods, entertainment or other services offered on the enterprise premises;

(3) *Delivers or provides to any customer any merchandise, goods, entertainment or other services offered on the enterprise premises;*

(4) Acts as a door attendant to regulate entry of customers or other persons into the enterprise premises; or

(5) Supervises or manages other persons in the performance of any of the foregoing activities on the enterprise premises.

Code of Ordinances, City of Houston, Texas ch. 28, art. III, section 28–121 (1988). (Emphasis added.)

Appellant argues that, when an ordinance relies upon acts of omission to establish criminal liability, the ordinance is subject to greater scrutiny under the due process clause. Appellant cites *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957), where the Supreme Court held an ordinance requiring felons to register with the chief of police violated the fourteenth amendment. In *Lambert,* the court concluded that because most people would not suspect that the city had such an ordinance, there was no notice to those who were required to register, and that a person's mere presence in the city was not enough to put that person on notice that the city had such an ordinance.

We need not address appellant's due process complaint, because we conclude that the alleged error was waived by appellant's failure to preserve it in the trial court. Appellant asserted no due process objection to her prosecution at or before trial, and she attempted to raise the matter for the first time in her motion for new trial.

To preserve a complaint for appellate review, a party must present a timely objection to the trial court. *See* Tex.R.App.P. 52(a). An objection based on denial of due process is not a proper ground for granting of a motion for new trial. *See* Tex.R.App.P. 30(b).

The fourth point of error is overruled.

■ In her fifth point of error, appellant contends the trial court erred in quashing subpoenas issued for the Honorable George Grenias and Mr. Robert Collins, whom she asserts drafted the city ordinance in question. The transcript contained the State's motions to quash subpoenas issued for both Grenias and Collins, but the only ruling in the transcript is the court's order quashing the subpoena for George Grenias. In appellant's response to the State's motion to strike, appellant alleged that the testimony of Grenias and Collins would aid the court in determining whether the drafters of the ordinance anticipated or intended for the city ordinance

to be enforced as a class C or class B misdemeanor.

■ Section 311.023 of the Texas Government Code, entitled "Statute Construction Aids," provides that a court construing a statute may consider, among other matters, the legislative history of a statute. Under the provisions of the Code Construction Act, a court is entitled to consider the statute's legislative history, even though the statute does not appear to be ambiguous on its face. Tex. Gov't Code Ann. sec. 311.023 (Vernon 1985).

Appellant's response to the State's motion to strike sets forth the general nature of the testimony sought to be elicited from the subpoenaed witnesses. Appellant did not, however, make any offer of proof at trial showing what the testimony would have been if the witnesses had testified. In *Stewart v. State*, 686 S.W.2d 118, 122 (Tex.Crim.App.1984), the Court of Criminal Appeals stated:

> In order for a complaint concerning the exclusion of evidence to be considered by an appellate court, the record must show what the excluded testimony would have been. Absent a showing of what such testimony would have been, or an offer of a statement concerning what the excluded evidence would show, nothing is presented for review.

We conclude that appellant failed to preserve the asserted error by making an offer of proof in accordance with Tex.R. App.P. 52(b). Moreover, because the court was not required to consider the legislative history of the ordinance, we conclude that appellant has failed to show any abuse of discretion by the trial court.

The fifth point of error is overruled.

■ Finally, we consider the issue raised by the dissent as unassigned error, which appellant did not assert in the trial court, nor assign as error on this appeal. The dissent contends that the trial court committed fundamental error in considering the Houston city ordinance, which was not formally introduced into evidence. Here, as in *Dedonato*, the police officer testified, without objection, about provisions relevant to the ordinance. The officer also stated that he had brought a copy of the ordinance with him to court, and he explained that the permit to operate a sexually-oriented business had been denied because, among other reasons, the business violated the location provisions of the ordinance. On appeal, appellant cited the applicable provisions of the ordinance in her brief. There is no dispute whatsoever about the applicable provisions of the ordinance. For the reasons stated in *Dedonato*, we conclude that the arguments presented by the dissent do not present fundamental error requiring a reversal of the conviction.

The judgment of the trial court is affirmed.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

Yolanda Theresa Loredo, a waitress at the Cascades Club, was charged in county criminal court with serving drinks at a sexually oriented club that did not have a permit. This is a companion case to *Dedonato v. State*, 789 S.W.2d 321 (Tex.App.—Houston [1st Dist.], 1990 n.p.h.). I adopt my dissent from that case.

Appellant argues that the ordinance did not give her fair notice that she was subject to criminal liability for "operating a sexually oriented business" when she worked as a waitress at the Cascades Club. Appellant contends that an unsuspecting truck driver who delivers ice to the Club could be charged under the ordinance if the Club did not have a license. I agree.

The ordinance states that any person who delivers "to any customer any merchandise" or goods on the premises, is conducting business for purposes of the ordinance. If a person delivers ice to the Club, there is a delivery of goods to a customer. Even a delivery person, therefore, is liable under the ordinance.

The majority interprets the ordinance to mean it prohibits a person from delivering goods or merchandise *to a customer of the club*. The majority holds that, only when

someone delivers to *a customer of the club*, the person is liable under the ordinance. That is not what the ordinance says.

In support of her argument, appellant cites *Lambert v. California*, 355 U.S. 225, 228, 78 S.Ct. 240, 243, 2 L.Ed.2d 228 (1957). In *Lambert*, the Supreme Court held an ordinance of Los Angeles, which required felons to register with the chief of police, violated the fourteenth amendment because most people would not suspect the city had such an ordinance. The court held, therefore, that there was no notice to those who were required to register. Mere presence in the city was not enough to put a person on notice that the city had such an ordinance.

The court in *Lambert* also noted that, once the defendant became aware of the ordinance, he was not given an opportunity to comply. The court held that actual knowledge of the duty to register or proof of subsequent failure to comply is necessary before a conviction under the ordinance could stand. *Lambert*, 355 U.S. at 229, 78 S.Ct. at 243. Quoting Justice Holmes, the court held a law that punished conduct, which would not be blameworthy in the average member of the community, would be too severe for the community to bear. *Id.* Its severity lies in the absence of an opportunity either to avoid the consequences of the law or to defend any prosecution brought under it. *Id.* Where a person did not know of the duty to register, and where there was no proof of the probability of such knowledge, he may not be convicted. *Id.*

The majority does not attempt to distinguish or explain why *Lambert* does not require us to hold the ordinance violates due process requirements of the constitution.

As in *Dedonato*, I would also hold the State did not meet its burden of proof because the State did not introduce the ordinance into evidence or ask the trial court to take judicial notice of it. As this Court did in *Martin v. State*, 731 S.W.2d 630, 631 (Tex.App.—Houston [1st Dist.]

1987, pet. ref'd), we should enter a judgment of acquittal.