**Hoa HO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00199–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1993.
Rehearing Denied May 28, 1993.

Michael A. Maness, Houston, for appellant.

John B. Holmes, Jr., Winston E. Cochran, Jr., Quentin Brogdon, Houston, for appellee.

Before DUGGAN, DUNN and O'CONNOR, JJ.

## OPINION

DUGGAN, Justice.

A jury found appellant guilty of selling an obscene videotape and assessed his punishment at 365–days confinement, probated, and a $500 fine. Appellant asserts five points of error. We affirm.

Appellant asserts in his first point of error that the evidence is insufficient to establish beyond a reasonable doubt that the allegedly obscene material is "a motion picture film," as alleged in the information. He urges that the amended information, which alleges his sale of "one videotape," was invalid; therefore, he reasons, there is a fatal variance between the original information, which alleged his sale of "a motion picture film," and the record proof, which undisputedly showed the sale of a videotape.

The original information, which was supported by a signed and sworn complaint, alleged that appellant,

> knowing the content and character of the material, intentionally [sold] to C.D. LOFTIN obscene material, namely a *motion picture film* entitled STARLETS # 6, CARA LOT VOLUME 2, which depicts patently offensive representation of

actual sexual intercourse, oral sodomy, masturbation and male ejaculation.

(Emphasis added.)

Six months before trial, the State filed a motion for leave to amend its information, together with a proposed amended complaint and information. As amended, the complaint and information were identical to the originals except that the words "a motion picture film" were changed to "one videotape." The trial judge signed the form of order attached to the State's motion to amend. In the portion of the order specifying "(Granted) (Denied)," the court marked neither. Additionally, the amended complaint was not signed or sworn to. As amended, the complaint and information alleged that appellant,

> knowing the content and character of the material, intentionally [sold] to C.D. LOFTIN obscene material, namely, *one videotape* entitled "STARLETS # 6, CARA LOTT VOLUME 2...."

(Emphasis added.)

Appellant neither moved to quash nor urged any other pretrial objection to the amended information. During trial, appellant made no objection when the State introduced into evidence the videotape "Starlets # 6, Cara Lott Volume 2." During both his cross-examination of Officer Loftin and his motion for an instructed verdict, appellant's trial attorney referred to the material as a "video" or "videotape." Further, appellant did not raise the issue of fatal variance between the original "motion picture film" and the proven "one videotape" in his motion for instructed verdict.

A valid complaint is a prerequisite to a valid information, *State v. Price*, 816 S.W.2d 824, 827 (Tex.App.—Austin 1991, no pet.); Tex. Code Crim.P.Ann. art. 21.22 (Vernon 1989), and a proper jurat is essential to a valid complaint. *Shackelford v. State*, 516 S.W.2d 180, 180 (Tex.Crim.App. 1974). A complaint that is not sworn to before some official or person in authority is insufficient to constitute a basis for a valid conviction. *Nichols v. State*, 171 Tex. Crim. 42, 344 S.W.2d 694, 694 (App.1961); *Price*, 816 S.W.2d at 827.

■ However, when an original complaint and information are proper, the trial court has jurisdiction over the case, and a new complaint is not required in order to amend an information. *Dixon v. State,* 737 S.W.2d 134, 135 (Tex.App.—Fort Worth 1987, pet. ref'd); Tex. Code Crim.P.Ann. art. 28.09–.10 (Vernon 1989). If an originally valid complaint and information are amended in such a manner that the amended pleadings are defective, the defect is one of form or substance, not jurisdiction, because the trial court already has jurisdiction over the case.

■ An objection to a defect, error, or irregularity of form or substance in an information must be made before the date on which trial on the merits commences; otherwise, the alleged defect is waived. Tex.Code Crim.P.Ann. art. 1.14(b) (Vernon Supp.1993). A defendant must raise objections based on lack of subject matter jurisdiction in the trial court, while there is still an opportunity to correct the problem, *De-Donato v. State,* 819 S.W.2d 164, 167 (Tex. Crim.App.1991), and a failure to object, or to present a motion to quash prior to or at the time trial commences, waives any right to assert the objection on appeal. *Loredo v. State,* 788 S.W.2d 196, 198 (Tex.App.—Houston [1st Dist.] 1990, no pet.). Appellant raises this complaint for the first time on appeal. By failing to object or file a motion to quash, or to request an instructed verdict about this defect at trial, he has waived the complaint. *Id.* We overrule appellant's first point of error.

Appellant's second point of error asserts that the evidence does not establish beyond a reasonable doubt that the average person, applying contemporary community standards, would find that, taken as a whole, "Cara Lot" appeals to the prurient interest in sex.

Appellant asks this Court to view this videotape to determine whether "(i) the average person, applying contemporary community standards, would find beyond a reasonable doubt, that it appeals to the 'prurient interest' in sex, and (ii) the videotape depicts sexual activity so offensive on its face as to affront current community standards of decency." We have done so.

Appellant also requests this Court to take judicial notice of certain facts set out in his brief.[1] He urges that these facts

1. The facts Appellant requests we judicially notice as adjudicative facts under Tex.R.Crim.Evid. Ann. 201 (Vernon Pamph.1993) are the following:

   1. Certain kinds of hard-core pornography, of the sort exemplified by "Cara Lot," are readily available on videotape for sale or rental in Houston and throughout Texas to consenting men and women 18 years of age and older. Such videotapes graphically depict consensual nudity, sexual intercourse, anal sodomy, masturbation, fellatio, cunnilingus, and ejaculation of semen, all involving people who are obviously 18 years of age or older, individually, in couples, or in groups, who usually appear to be having fun.

   2. Certain kinds of hard-core pornography are not readily available on videotape for sale or rental in Texas, even to consenting men and women 18 years of age and older. Such videotapes graphically depict sexual bestiality, sexual activity accompanied by urination or defecation, the sexual exploitation of children, and sexual activity of the sort described in the preceding paragraph 1, accompanied by actual, threatened, or simulated physical violence directed against one or more of the performers, who usually appear not to be having fun.

   3. Graphic sexual depictions on videotape of the sort exemplified by "Cara Lot" are readily available in thousands of different titles, at hundreds of different locations, at theaters, by mail, and on cable and satellite television, in Houston and throughout Texas.

   4. The Texas obscenity statute has been and is being uniformly and successfully enforced against the open retail sale or rental of videotapes depicting sexual activity of the sort described in the preceding paragraph 2. Such uniform, successful law enforcement is established by the fact that such videotapes are nowhere openly sold or rented anywhere in Texas.

   5. The Texas obscenity statute has not been and is not being uniformly and successfully enforced against the open retail sale or rental of videotapes depicting sexual activity of the sort described in the preceding paragraph 1. Such sporadic, uneven enforcement is established by the fact that thousands of such videotapes are openly sold and rented at hundreds of retail outlets, in Houston and throughout Texas, in response to a demand for such products by members of the community. Only an infinitesimal fraction of these alleged "offenses" results in criminal prosecution or conviction.

   6. Sexual activity between consenting adults of the sort described in the preceding paragraph 2, as depicted in "Cara Lot," does

establish "convincingly that the prurience elicited by 'Cara Lot' is normal rather than abnormal, and that this videotape is not obscene in the sense demanded by [TEX.PENAL CODE ANN. § 43.21 and the first and fourteenth amendments to the U.S. Constitution]".

■ Rule 201(b), entitled "Kinds of Facts," tells us that a judicially-noticed, adjudicative fact must be *indisputable* ("not subject to reasonable dispute") in that it is either *notorious* ("generally known within the territorial jurisdiction of the trial court") or *verifiable* ("capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). 33 S. Goode, O. Wellborn & M. Sharlot, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 201.3 (Texas Practice 1988) [hereinafter GUIDE TO THE TEXAS RULES OF EVIDENCE]. Although appellant has requested judicial notice of eight adjudicative "facts," he has not provided the "necessary information" required by rule 201(d).

> With regard to facts covered by Rule 201(b)(1)—notorious facts—it is unlikely that the request needs to be accompanied by any information, since presumably the judge will be aware of community knowledge of indisputable facts. With regard to facts covered by Rule 201(b)(2)—verifiable facts—the requesting party must provide two things: (i) the "source[ ] whose accuracy cannot reasonably be questioned" in which the fact appears, and (ii) any additional information required to show that the source is one "whose accuracy cannot reasonably be questioned."

GUIDE TO THE TEXAS RULES OF EVIDENCE § 201.5

We cannot judicially notice appellant's submitted "facts" as notorious under rule 201(b)(1) because we are not aware that they are "generally known within the territorial jurisdiction of the trial court." Neither can we accept them as verifiable under rule 201(b)(2) because appellant has not provided us with a source for such facts "whose accuracy cannot reasonably be questioned."

■ In determining whether material is constitutionally obscene, an appellate court is obligated to independently review and evaluate the subject material, as we have done, in light of the criteria set out in *Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (1973). *Andrews v. State*, 652 S.W.2d 370, 383 (Tex.Crim.App.1983); *see also Burch v. State*, 695 S.W.2d 264, 265 (Tex.App.— Houston [1st Dist.] 1985, pet. ref'd). The test for obscenity set out in *Miller* is, in pertinent part:

> (a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest ...; (b) whether the work depicts or describes in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value.

413 U.S. at 24, 93 S.Ct. at 2615.

■ Thus, appellant's point of error asserts the State's failure to prove the first prong of the *Miller* analysis, i.e., that the average person, applying contemporary community standards, would find that the work, taken as a whole, appeals to the prurient interest. "Prurient interest" *may* be constitutionally defined for the purpose of identifying obscenity as that which appeals to a shameful or morbid interest in sex. *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 504, 105 S.Ct. 2794, 2802, 86 L.Ed.2d 394 (1985). Before material can be

---

not constitute a criminal offense under the Texas Penal Code and is not uncommon, unusual, or out of the ordinary in Texas.

7. The average adult Texan does not regard sexual activity between consenting adults of the sort described in the preceding paragraph 1 as abnormal, perverted, shameful, morbid, or condemnable.

8. The average adult Texan regards misdemeanor criminal prosecution of vendors of videotapes depicting sexual activity between consenting adults, of the sort described in the preceding paragraph 1, as an unconscionable and indefensible waste of the taxpayers' money and of valuable criminal justice system resources ...

found obscene and support a valid conviction, the State must prove beyond a reasonable doubt that it depicts and describes "patently offensive" representations of actual or simulated sexual intercourse, anal intercourse, or oral sodomy. *Burch*, 695 S.W.2d at 265. However, where the items charged as obscene are introduced and admitted into evidence, the State is not required to introduce testimony as affirmative evidence of community standards. *Smith v. State*, 811 S.W.2d 665, 671 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd.).

In reviewing the sufficiency of the evidence to support a conviction based upon direct evidence, we view the evidence in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Sharp v. State*, 707 S.W.2d 611, 714 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

■ After viewing the videotape in its entirety, this Court finds that the evidence was sufficient for the jury, as fact finder, to determine that: (1) the videotape contained, among other things, patently offensive representations of "actual sexual intercourse, oral sodomy, masturbation and male ejaculation" as alleged in the information; and (2) the average person, applying community standards, would find that the videotape, taken as a whole, appeals to a shameful or morbid interest in sex, i.e., a prurient interest in sex. *Brockett*, 472 U.S. at 504, 105 S.Ct. at 2802. No evidence in the record shows that this videotape has any serious literary, artistic, political, or scientific value. Therefore, viewing the evidence in light most favorable to the judgment, a rational trier of fact could find that the videotape not only appeals to a prurient interest in sex, but also is obscene. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *see*

*also Sharp*, 707 S.W.2d at 714. Appellant's second point of error is overruled.

Appellant's third point of error asserts that the trial court reversibly erred in failing to instruct the jury that the term "prurient interest," as used in the charge, means a "shameful, morbid, abnormal, or perverted sexual interest, rather than a normal, healthy sexual interest."

The trial court refused appellant's request to instruct the jury as follows:

The term "prurient interest in sex" means an abnormal interest in sex. Material that provokes only normal, healthy sexual desires is not legally obscene. See *Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 105 S.Ct. 2794, 86 L.Ed.2d 394 (1985).

■ This Court previously addressed and rejected this identical contention in *Video News, Inc. v. State*, 790 S.W.2d 340, 347 (Tex.App.—Houston [1st Dist.] 1990, no pet.), where we found no error in the trial court's refusal to define "prurient interest" in the charge. Appellant contends that *Brockett* mandates that a constitutionally adequate definition of the term "prurient" material must exclude any material that appeals or provokes only normal, healthy sexual desires, rather than shameful, morbid, perverted, or abnormal sexual desire. *Brockett*, however, can be distinguished because it involved not the failure to define, but the inclusion of an incorrect definition of "prurient interest," in a nuisance statute. The Supreme Court there stated that "prurient interest" *may* be defined as that which appeals to a shameful or morbid interest in sex. *Brockett*, 472 U.S. at 504, 105 S.Ct. at 2802. However, *Brockett* does not mandate that "prurient interest" *must* be defined in a jury charge or instruction. The Texas Court of Criminal Appeals has held that a trial court is not obliged to include a definition of "prurient interest." *Andrews v. State*, 652 S.W.2d 370, 382–84 (Tex.Crim.App.1983).

■ Appellant has not established that the lack of a definition of "prurient interest in sex" resulted in the jury incorrectly defining the term. The charge given both included the obscenity standard set out in

*Miller,* which was not overruled in *Brockett,* and indicated to the jury the types of conduct that are considered obscene. The charge adequately covered the requested instructions; no harm resulted from the failure to give the refused charge. *Hawkins v. State,* 660 S.W.2d 65, 81–82 (Tex. Crim.App.1983). Appellant's third point of error is overruled.

In appellant's fourth and fifth points of error, he asserts that the trial court committed reversible error and abused its discretion by excluding probative, relevant evidence that "Cara Lot," taken as a whole, would not be found by the average person, applying contemporary community standards, to appeal to the prurient interest in sex, or to depict sexual activity so offensive on its face as to affront current community standards of decency.

■ To be admissible, evidence must be relevant to a contested fact or issue. *Stone v. State,* 574 S.W.2d 85, 89 (Tex. Crim.App.1978); *see also* TEX.R.CRIM.EVID. 402. The determination of relevancy depends on whether the evidence that the proponent seeks to admit renders a contested material issue more or less probable. *Johnson v. State,* 698 S.W.2d 154, 160 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Nubine v. State,* 721 S.W.2d 430, 432 (Tex. App.—Houston [1st Dist.] 1986, pet. ref'd). To determine admissibility, the court should compare its probative value with its prejudicial aspects. *Albrecht v. State,* 486 S.W.2d 97, 99–100 (Tex.Crim.App.1972); *see also* TEX.R.CRIM.EVID. 403. The determination of admissibility is within the sound discretion of the trial court, *Jackson v. State,* 575 S.W.2d 567, 570 (Tex.Crim.App. 1979), and will not be reversed on appeal unless a "clear abuse of discretion is shown." *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986); *Johnson,* 698 S.W.2d at 160; *Nubine,* 721 S.W.2d at 432.

■ Proof of prior acquittals in earlier obscenity cases is not admissible in subsequent cases on the issue of community standards. *Walker v. State,* 530 S.W.2d 572, 573 (Tex.Crim.App.1975). Cases after *Walker* have permitted evidence of material similar to the material in the case being tried, or statistics concerning similar material admitted to establish community standards. *See Keller v. State,* 606 S.W.2d 931, 932 (Tex.Crim.App. [Panel Op.] 1980) (statistical analysis of "Deep Throat" attendance was circumstantial evidence relevant to issue of contemporary community standards); *Gill v. State,* 675 S.W.2d 549, 551 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Federal courts hold there is a two-pronged test to determine the relevancy of evidence in obscenity cases as to the issue of community standards: (1) the proponent must show that materials offered are similar to allegedly obscene material, and (2) the proponent must establish that there is a reasonable degree of community acceptance of the proffered materials. However, these cases did not involve prior acquittals in obscenity cases.

■ The trial court permitted appellant's witness, Hai Ho,[2] to testify to the jury about his own arrest for selling an alleged obscene videotape, but did not permit him to disclose that he was acquitted. Out of the jury's presence, Hai Ho testified that he did not know the content of the movie he sold to the undercover officer. Knowledge of the content and character of the material is an element of the offense of obscenity. TEX.PENAL CODE ANN. § 42.23 (Vernon 1989). Hai Ho's acquittal would not have aided the jury in determining whether the subject videotape, according to community standards, appealed to a prurient interest or was patently offensive. Thus, evidence of Hai Ho's acquittal was not relevant. *Johnson,* 698 S.W.2d at 160. The acquittal evidence also fails under the two-prong test set out in *Gill,* 675 S.W.2d at 551. Appellant established that the videotape in Hai Ho's arrest was similar to the videotape in this case, satisfying the first prong. *See id.* However, he did not establish that Hai Ho's acquittal was based on a reasonable degree of acceptance of the film by the community. *See id.* Thus, the trial court did not clearly abuse its discretion in excluding evidence of Hai Ho's acquittal.

2. Hai Ho is not related to appellant, Hoa Ho.

*See Walker,* 530 S.W.2d at 573. We overrule appellant's fifth and sixth points of error.

We affirm the trial court's judgment.