**Ruben DURON, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–1238–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 25, 1996.

Winston Cochran, Jr., Houston, for appellant.

John Holmes, District Attorney, Rikke Graber, Assistant District Attorney, for appellee.

Before HUTSON–DUNN, ANDELL and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Ruben Duron, Jr., pleaded guilty without an agreed recommendation to

the offense of indecency with a child. The trial court convicted the appellant of indecency with a child and assessed punishment at two-years imprisonment. In three points of error, the appellant asserts the court erred in convicting him because of defects in the indictment. We affirm.

### Did the indictment allege an offense?

The appellant contends in point of error one the indictment is fundamentally defective because it does not allege the offense of indecency with a child. The appellant's indictment reads:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, Ruben Duron, Jr., hereafter styled the Defendant, on or about April 2, 1994, did then and there unlawfully, with intent to arouse the sexual desire of the Defendant, have sexual contact with Olivia Morales, hereafter styled the Complainant, a child under the age of seventeen years and not his spouse, *by rubbing his penis between Olivia Morales' legs.*

(Emphasis added). A person commits indecency with a child if, with a child younger than 17 years and not his spouse, he engages in sexual contact with the child. TEX.PENAL CODE § 21.11(a)(1) (1994). "Sexual contact" means "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE § 21.01(2) (1994). The appellant asserts his acts alleged in the indictment do not fit the statutory definition of "sexual contact" because he touched his genitals against a non-genital area of the complainant.

■ The State argues the appellant waived this claim by pleading guilty without an agreed recommendation. When a defendant voluntarily pleads guilty without a plea bargain agreement, the defendant waives all non-jurisdictional defects that occurred before the entry of the guilty plea. *Jack v. State,* 871 S.W.2d 741, 743 (Tex.Crim.App.

1994); *Courtney v. State,* 904 S.W.2d 907, 908 (Tex.App.—Houston [1st Dist.] 1995, no pet. h.). Jurisdictional defects are defects that go to the very power of the State to bring the defendant in court to answer the charge against him. *Courtney,* at 908. Jurisdictional defects include claims of double jeopardy and the facial unconstitutionality of the statute prescribing the offense alleged, but do not include constitutional violations in obtaining evidence, defects in the indictment, or sufficiency of the evidence. *Id.*

■ In response, the appellant claims the indictment was not actually an indictment because it does not allege an offense. An indictment is a written instrument presented to a court by a grand jury that charges a person with the commission of an offense. TEX. CONST. art. V, § 12(b). The presentation of an indictment vests the trial court with jurisdiction over the case. *Id.* A written instrument is an indictment for jurisdictional purposes if it comes from the grand jury, purports to charge an offense, and is facially an indictment. *Ex Parte Morris,* 800 S.W.2d 225, 227 (Tex.Crim.App.1991); *Ex Parte Gibson,* 800 S.W.2d 548, 551 (Tex. Crim.App.1990). The charging instrument in the present case was returned by a grand jury, purported to charge the appellant with the offense of indecency with a child, and was facially an indictment. Therefore, we hold the indictment vested the trial court with jurisdiction over the case, and the appellant waived all complaints of alleged defects in the indictment by voluntarily entering his guilty plea.

■ The appellant claims the indictment did not allege an offense. The State contends the appellant waived his claim by not filing a motion to quash the indictment before trial. We agree. Article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial commences, he waives and forfeits the right to object to the defect, error, or irregu-

larity and he may not raise the objection on appeal or in any other post-conviction proceeding.

TEX.CODE CRIM.PROC. art. 1.14(b) (Supp.1995).

The defect in the indictment challenged by the appellant is a defect of substance. *See* TEX.CODE CRIM.PROC. art. 27.08(1) (1989). Article 1.14(b) provides a defect of substance in an indictment is waived if the defendant does not object before the date on which the trial begins. *State v. Turner,* 898 S.W.2d 303, 306 (Tex.Crim.App.1995); *Ho v. State,* 856 S.W.2d 495, 498 (Tex.App.—Houston [1st Dist.] 1993, no pet.). The statute does not distinguish between correctable and non-correctable defects. *Turner,* 898 S.W.2d at 306. Rather, all defects of form and substance are waived if the defendant does not object before the date on which the trial begins. *Id.* Because the appellant did not object to the indictment in this case, we hold he waived his complaint that the indictment did not allege an offense.

We overrule point of error one.

### Mens rea in the indictment

In points of error two and three, the appellant contends the indictment did not allege a culpable mental state as to all elements of the charged offense. He asserts this rendered his plea invalid and deprived him of due process of law and due course of law under both the state and federal constitutions. *See* U.S. CONST. amend 14; TEX. CONST. art. I, § 9. Specifically, the appellant asserts the indictment was defective because it did not allege he knew the victim was under 17 years of age. The appellant argues he did not waive this defect by not objecting before the day of trial because the United States Supreme Court decision of *United States v. X–Citement Video, Inc.,* —— U.S. ——, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994), issued after the appellant's guilty plea, altered the Texas law in effect at the time the appellant plead guilty.

■ The crime of indecency with a child in Texas does not require the State to prove the defendant knew at the time of the offense his victim was a child under age 17. *Roof v. State,* 665 S.W.2d 490, 492 (Tex.Crim.App. 1984). Nevertheless, the appellant contends this case is no longer good law in light of *X–Citement Video.* In that case, the defendant was charged under a federal statute that criminalized the knowing receipt or transportation of a visual depiction of a minor engaged in sexually explicit conduct. —— U.S. at —— ——, 115 S.Ct. at 466–67. The Supreme Court was faced with the decision of whether the term "knowingly" in the statute applied to the phrase "the use of a minor." *Id.* —— U.S. at ——, 115 S.Ct. at 467. In deciding that "knowingly" modified the phrase "the use of a minor," the Court relied partially upon the common-law presumption that a scienter requirement should apply to each statutory elements that criminalize otherwise innocent conduct. *Id.* at ——, 115 S.Ct. at 469.

We do not find *X–Citement Video* dispositive to the facts of this case. First, the holding in *X–Citement Video* did not purport to announce a new constitutional rule for state criminal prosecutions. Second, the Court acknowledged the common-law presumption of mens rea to all the elements of a crime does not apply to sex offenses in which the victim's actual age is determinative despite the defendant's reasonable belief the victim has reached the age of consent. *X–Citement Video,* —— U.S. at —— n. 2, 115 S.Ct. at 469 n. 2.

We hold the indictment in this case is not defective for failing to allege the appellant knew his victim's age when he committed the charged offense.

We overrule points of error two and three.

We affirm the judgment of the trial court.

ANDELL, J., dissents.

ANDELL, Justice, dissenting.

I dissent. The majority holds the appellant waived his complaint that the indictment did not allege an offense because he did not

file a motion to quash the indictment. I disagree. I would hold the charging instrument in this case did not purport to charge the commission of an offense, and therefore it was not an indictment that vested the trial court with jurisdiction over the appellant's case. I would reverse the judgment of the trial court and remand this cause with orders that the trial court dismiss the charging instrument.

In point of error one, the appellant asserts his conviction is void because it is based on a charging instrument that is not an indictment because it does not allege an offense. The State argues the appellant waived his claim by his entry of a guilty plea without an agreed recommendation. In the absence of a plea bargain agreement, a voluntary plea of guilty waives all nonjurisdictional defects occurring before the entry of the guilty plea. *Jack v. State*, 871 S.W.2d 741, 743 (Tex.Crim. App.1994); *Courtney v. State*, 904 S.W.2d 907, 908 (Tex.App.—Houston [1st Dist.] no pet. h.). Jurisdictional defects are defects that go to the very power of the State to bring the defendant in court to answer the charge against him. *Courtney*, at 909. Jurisdictional defects include claims of double jeopardy and the facial unconstitutionality of the statute prescribing the offense alleged, but do not include constitutional violations in obtaining evidence, defects in the indictment, or sufficiency of the evidence. *Id.*

An indictment is a written instrument presented to a court by a grand jury that charges a person with the commission of an offense. TEX. CONST. art. V, § 12(b). The presentation of an indictment vests the trial court with jurisdiction over the case. *Id.* A written instrument is an indictment for jurisdictional purposes if it comes from the grand jury, purports to charge an offense, and is facially an indictment. *Ex Parte Morris*, 800 S.W.2d 225, 227 (Tex.Crim.App.1991); *Ex Parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim.App.1990). The charging instrument in the present case was returned by a grand jury. Therefore, the sole question left is whether the charging instrument purported to charge an offense and was facially an indictment. If so, then the trial court obtained jurisdiction over the case, and the appellant waived any defects in the indictment by entering a guilty plea without an agreed recommendation.

The State also contends the appellant waived his claim by not filing a motion to quash the indictment before trial. Article 1.14(b) of the Texas Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Supp. 1995). The appellant claims the indictment in the present case did not allege an offense. This is a defect of substance. *See* TEX.CODE CRIM.PROC.ANN. art. 27.08(1) (1989). Article 1.14(b) provides a defect of substance in an information or indictment is waived if the defendant does not object before the date on which the trial begins. *State v. Turner*, 898 S.W.2d 303, 306 (Tex.Crim.App.1995); *Ho v. State*, 856 S.W.2d 495, 498 (Tex.App.—Houston [1st Dist.] 1993, no pet.). Further, the statute does not distinguish between correctable and non-correctable defects. *Turner*, 898 S.W.2d at 306. All defects of form and substance are waived if the defendant does not object before the date on which the trial begins. *Id.*

Because the appellant did not object to the charging instrument in this case, he waived all defects of form or substance if the charging instrument was an indictment. However, I still must determine whether the charging instrument in this case was an indictment that vested the trial court with jurisdiction over the appellant's case. Article 1.14(b) does not affect the constitutional requirement that a valid charging instrument be presented to vest the trial court with jurisdiction. *See Cook v. State*, 902 S.W.2d 471, 476 (Tex.

Crim.App.1995); *see also Lopez v. State*, 756 S.W.2d 49, 50–51 (Tex.Crim.App.—Houston [1st Dist.] 1988, pet. ref'd) (subject matter jurisdiction in both civil and criminal cases is fundamental and cannot be waived).

I now consider the threshold issue in this case: did the charging instrument purport to charge an offense that vested the trial court with jurisdiction over the appellant's case? The appellant contends the charging instrument is fundamentally defective because it does not allege the offense of indecency with a child. The charging instrument reads:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, Ruben Duron, Jr., hereafter styled the Defendant, on or about April 2, 1994, did then and there unlawfully, with intent to arouse the sexual desire of the Defendant, have sexual contact with Olivia Morales, hereafter styled the Complainant, a child under the age of seventeen years and not his spouse, *by rubbing his penis between Olivia Morales' legs.*

(Emphasis added.) The complainant testified at the pre-sentence investigation hearing that the appellant did not penetrate her vagina, and the pre-sentence investigation report indicates the appellant rubbed his penis between the complainant's thighs.

A person commits indecency with a child if, with a child younger than 17 years and not his spouse, he engages in sexual contact with the child. TEX.PENAL CODE ANN. § 21.11(a)(1) (1994). "Sexual contact" means "any touching of the anus, breast, or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person." TEX.PENAL CODE ANN. § 21.01(2) (1994). The appellant asserts his acts as alleged in the charging instrument do not fit the statutory definition of "sexual contact" because the charging instrument alleges he touched his genitals against a non-genital area of the complainant.

I agree with the appellant that his conduct as alleged in the charging instrument does not appear to fall within the statutory defini-

tion of "sexual contact." However, the State points to *Jacquez v. State*, 579 S.W.2d 247, 249 (Tex.Crim.App.1979), a case in which the Court of Criminal Appeals affirmed a conviction of indecency with a child even though the evidence did not show the defendant touched the child's genitals. In *Jacquez*, the evidence only showed the defendant forced the children to touch his genitals, and the defendant challenged on appeal the sufficiency of the evidence to support his conviction. *Id.* Although this conduct did not fall within the statutory definition of "sexual contact," the Court of Criminal Appeals relied upon Penal Code section 7.02(a)(1) and held the evidence showed the defendant was guilty as a party by forcing the children to touch and scrub his penis. *Id.* Section 7.02(a)(1) provides:

> (a) A person is criminally responsible for the conduct of another if:
>
> (1) acting with the kind of culpability required for the offense, he causes or aids an innocent or nonresponsible person to engage in conduct prohibited by the definition of the offense.

TEX.PENAL CODE ANN. § 7.02(a)(1) (1994). I find *Jacquez* distinguishable from this case because, unlike *Jacquez*, the facts as alleged in the charging instrument do not show the appellant forced the complainant to engage in the prohibited conduct that constituted sexual contact, *i.e.*, to touch the appellant's genitals.

I would hold the charging instrument in this case did not vest the trial court with jurisdiction over the appellant's case because on its face it charged the appellant with conduct that does not constitute an offense under Texas law. The charging instrument alleged the appellant had "sexual contact" with the complainant and then described conduct that negated the statutory definition of "sexual contact." Even without a motion to quash by the appellant, the trial court did not have jurisdiction to proceed with the appellant's case because the charging instrument in this case was not an indictment.

I would sustain point of error one.