**Greg Edward SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00953–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 7, 1992.

Stanley C. Kirk, Houston, for appellant.

Karen A. Clark, Houston, for appellee.

Before SEARS, CANNON and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Greg Edward Smith, appeals his judgment of conviction for the offence of aggravated robbery. TEX.PENAL CODE ANN. § 29.03 (Vernon Supp.1992). The jury rejected appellant's not guilty plea and, after finding the two enhancement paragraphs of the indictment to be true, as-

sessed punishment at seventy (70) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant brings two points of error on his appeal. He asserts that the Court erred:

1) in overruling his objection to the State bolstering its unimpeached identification witness and

2) in overruling his objection to the State's hearsay evidence that a third party witness corroborated the complaining witness's unimpeached identification of appellant in violation of Rule 802, Texas Rules of Criminal Evidence.

In appellant's first point of error, he contends that the trial court erred in overruling his objection to the State bolstering its unimpeached identification witness. During the State's case-in-chief, Detective–Sergeant Steve Ruteshouser testified that the complainant, Jean Drys, had positively identified appellant from a photospread which she had been shown a few months after the offense. Appellant objected to the testimony on the basis that it called for hearsay in violation of Rule 802 of the Texas Rules of Criminal Evidence, and that the testimony constituted improper bolstering of the complaining witness' testimony. Ms. Drys was the last witness called by the State to testify, and had not yet testified when Detective–Sergeant Ruteshouser gave his testimony. The trial court overruled appellant's objections. The State next called Gail Kello, an investigator with the District Attorney's Office, who testified that Ms. Drys had chosen appellant out of a five-man lineup. Appellant again objected to the testimony on the basis that it called for hearsay in violation of Rule 802. The trial court again overruled appellant's objection. Appellant now complains that the trial court erred in overruling appellant's objections to the testimony of both Detective–Sergeant Ruteshouser and Gail Kello regarding the complaining witness' previous identification of appellant because such testimony constituted improper bolstering of the complaining witness' testimony.

"Bolstering" occurs when an item of evidence is improperly used by a party to add credence or weight to some *earlier* unimpeached piece of evidence offered by the same party. *Guerra v. State*, 771 S.W.2d 453, 474 (Tex.Crim.App.1988), *cert. denied*, 492 U.S. 925, 109 S.Ct. 3260, 106 L.Ed.2d 606 (1989); *Thomas v. State*, 811 S.W.2d 201, 208 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Bolstering a witness' identification of a defendant has historically been disallowed because the testimony was hearsay. *Id.* However, the adoption of Tex.R.Crim.Evid. 801(e)(1)(C) changed the law concerning the State's bolstering of a witness' identification of a defendant. Rule 801(e)(1)(C) provides that a statement is not hearsay and is admissible if the declarant testifies and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him. *Id.* Jean Drys, the declarant, testified and was subject to cross-examination regarding her pretrial identification of appellant in both the photospread and the lineup. Ms. Drys' statement pertained to identification of a person made after perceiving him. Under these circumstances, and according to Rule 801(e)(1)(C), bolstering is no longer a valid objection. *Id; Henderson v. State*, 816 S.W.2d 845, 849 (Tex.App.—Fort Worth 1991, no pet.). Moreover, in light of Jean Drys' positive in-court identification of appellant, appellant has failed to show that any alleged error of the court in allowing Detective–Sergeant Ruteshouser's and Gail Kello's testimony regarding the complaining witness' prior identification of appellant contributed to appellant's conviction. Appellant's first point of error is overruled.

In appellant's second point of error he asserts that the trial court erred in overruling his objection to the State's hearsay evidence that a third party witness corroborated the complaining witness's unimpeached identification of appellant in violation of Rule 802, Texas Rules of Criminal Evidence.

Appellant again alleges that the trial court erred in allowing the testimony of

Detective–Sergeant Ruteshouser and Gail Kello regarding the complaining witness" identification of appellant prior to trial. Appellant argues that the testimony constituted hearsay, and was thus inadmissible. However, as previously stated, a statement is not hearsay if the declarant testifies and is subject to cross-examination concerning the statement, and the statement is one of identification of a person made after perceiving him. TEX.R.CRIM.EVID. 801(e)(1)(C). Jean Drys, the declarant, testified and was subject to cross-examination concerning her pretrial identification of appellant in both the photospread and the lineup. Ms. Drys' statements pertained to identification of a person made after perceiving him. Thus, the testimony of Detective–Sergeant Ruteshouser and Gail Kello did not constitute hearsay under Rule 801(e)(1)(C). Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.