**Terry Glynn JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–92–00160–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1992.

Rehearing Denied Jan. 14, 1993.

Brian W. Wice, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Terry Glynn Jackson, appeals his judgment of conviction for the offense of burglary of a building with the intent to commit theft. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). The jury rejected appellant's not guilty plea and the Court assessed punishment at four (4) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Viewed in the light must favorable to the verdict, the evidence adduced at trial shows the following: The complainant, James Allen, testified that he owned a small manufacturing gift business. He testified that a little after noon on October 12, 1991, he heard metal slamming against metal. Allen lived across the street from his business location. When he heard the noise, he went across the street because he observed a white pick-up truck in the parking lot adjacent to the building. He identified appellant as the individual he saw coming out of his business walking up to the pick-up truck. He testified that appellant was loading the truck with shelving from inside his building.

Allen further testified that there was a pile of the shelving in the bed of the pick-up truck which had fences on both sides. When Allen asked appellant if he owned the pick-up truck, appellant replied that he did so. Allen wrote down the license plate number. In response to Allen's inquiry about what appellant was doing, appellant replied that he was helping the people who own the building clean up. Allen advised appellant that he was the owner and that

he had not asked appellant to come there and that appellant was stealing. Allen told appellant to unload the truck since the property on the truck had come from inside Allen's building. As appellant began unloading the truck, Allen assumed he was going to empty the truck so he walked back toward his house. He testified that he then heard the truck start up and appellant drove away. Appellant had only removed three pieces of shelving off of the truck before he had driven away.

Allen called the police and gave them a description of appellant, the truck, and the license plate number. Allen further testified that there had been a fire in the building the weekend before appellant had gained entrance through a hole in the side of the building. There was a sign which read "Stay Away" near the hole and tape around the area to keep people out. Allen testified that he had never seen appellant before and did not give him consent to enter the building and take his property. He also testified that he had identified the photograph in position number one in a photospread shown to him by the police department.

Houston Police Sergeant F.J. Rusinski, assigned to the Burglary and Theft Division, testified that he was responsible for investigating this case. Once he received the report, he ran the license plate number on the computer which listed the registered owner as appellant and his wife. He testified that he placed a photo of appellant in a photospread in position number one. When Sergeant Rusinski showed the photospread to Allen, he immediately pointed to position number one.

Appellant testified that he had gone to Rose Metal Recycling on October 12, 1991, to sell scrap metal he had gotten from his employer. He testified that the truck was loaded the evening before with the metal he sold. Appellant testified that he had received $11.20 for the scrap metal he had sold to Rose. He also stated that he had never seen Allen before and had never seen nor been to his building. On cross-examination, appellant admitted that he goes around and picks up scrap metal and sells it as one way of earning a living.

Jules Rose, the vice-president of Rose Metal Recycling, testified that the business buys, processes, and sells scrap metals. He testified that a receipt is issued to the person selling the scrap metal. The cash register stamps the date and time that the receipt is issued. Rose testified that his records reflect a receipt issued to Terry Jackson on the date of the offense at 12:31 p.m. On cross-examination, he stated that he did not know if appellant was the individual who came in or where he had obtained the metal.

Appellant contends in his sole point of error that he was denied the reasonably effective assistance of counsel given defense counsel's failure to object to Sergeant F.J. Rusinski's testimony that the complainant had identified appellant from a photographic array which improperly bolstered the complainant's unimpeached identification of the appellant.

 It is well settled that the standard to determine if appellant has received effective assistance of counsel is that set out in *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). It requires that 1) the performance was so deficient that it was outside the range of reasonable professional judgment; and 2) but for trial counsel's errors, there is a reasonable probability that the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Hernandez v. State,* 726 S.W.2d 53, 56-57 (Tex.Crim.App.1986). Appellant is not entitled to errorless counsel. *Ingham v. State,* 679 S.W.2d 503 (Tex.Crim.App. 1984). In determining whether counsel had provided effective assistance, a court looks to the totality of the representation. Furthermore, the "totality of the representation" test is to be applied as of the time of trial, and not through hindsight. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). *See also Ex Parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990).

 We are not in a position to second guess, through appellate hindsight, the

strategy adopted by counsel. *Harvey v. State*, 681 S.W.2d 646, 648 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). An error in trial strategy will be deemed inadequate representation only if counsel's actions are without any plausible basis. *Schaired v. State*, 786 S.W.2d 497 (Tex.App.—Houston [1st Dist.] 1990, no pet.)

■ Counsel's failure to object to admissible testimony does not constitute ineffective assistance of counsel. *Cooper v. State*, 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

■ The testimony of Sergeant Rusinski was admissible. Appellant's contention that it was improper bolstering overlooks Tex.R.Crim.Evid. 801(e)(1)(C) as well as recent court cases that have held such testimony admissible. *Smith v. State*, 830 S.W.2d 328 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Thomas v. State*, 811 S.W.2d 201, 208 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd). Those courts held that Tex.R.Crim.Evid. 801(e)(1)(C) has eliminated bolstering as a valid objection in that such testimony is no longer hearsay.

■ "Bolstering" occurs when an item of evidence is improperly used by a party to add credence or weight to some *earlier* unimpeached piece of evidence offered by the same party. *Guerra v. State*, 771 S.W.2d 453, 474 (Tex.Crim.App.1988), *cert. denied*, 492 U.S. 925, 109 S.Ct. 3260, 106 L.Ed.2d 606 (1989). Bolstering a witness' identification of a defendant has historically been disallowed because the testimony was hearsay. *Smith supra*. However, the adoption of Tex.R.Crim.Evid. 801(e)(1)(C) changed the law concerning the State's bolstering of a witness' identification of a defendant. Rule 801(e)(1)(C) provides that a statement is not hearsay and is admissible if the declarant testifies and is subject to cross-examination concerning the statement and the statement is one of identification of a person made after perceiving him. *Smith, supra*.

In the instant case, Allen, the complainant testified and was subject to cross-examination regarding the pre-trial identification of appellant. Therefore, trial counsel was correct in not objecting to the testimony since failure to object to admissible evidence does not constitute ineffective assistance of counsel. *See Cooper, supra*.

■ In addition, any error in admitting the testimony was harmless. Although, the identification of appellant was by one witness, the complainant never wavered in his identification. He was positive in his identification in court and specifically testified he remembered "just real big white eyes". He had observed appellant in broad daylight for a period of three to ten minutes while talking to him at a close range. Sergeant Rusinski further testified that the license plate number written down by Allen came back with appellant as the registered owner. Appellant collected scrap metal and drove a white truck. Any testimony by Sergeant Rusinski that appellant had picked out appellant was harmless and cumulative. Therefore, appellant has also failed to meet the second prong of the *Strickland v. Washington* test.

Accordingly, the judgment of the trial court is affirmed.