Paul Dean NAPIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–94–121 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 13, 1994.

Decided Nov. 23, 1994.

Peter Speers, III, The Woodlands, for appellant.

Daniel C. Rice, Dist. Atty., Conroe, for state.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

Appellant, Paul Dean Napier, was indicted for the offense of aggravated sexual assault and after having pleaded guilty, evidence was then submitted to a jury by the State and the appellant for the purpose of assessing punishment. The jury found the appellant guilty as instructed by the court and assessed punishment of appellant at 40 years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. No fine was assessed.

Appellant plead guilty to sexually assaulting his step-daughter, S.M. Evidence established that appellant had begun molesting S.M. when she was about eight years old, the first abuse consisting of fondling. The abuse then escalated to include digital penetration and when S.M. was eleven years of age appellant began having sexual intercourse with

her, over the next several years until outcry was made in May, 1993.

Appellant's first point of error alleges that, "Trial counsel's failure to object to the inadmissible and highly prejudicial testimony of Dr. Vanderpool fell below objective standards of reasonableness under prevailing professional norms." Dr. Vanderpool testified during the punishment phase of the trial regarding the "serious psychiatric difficulties that could befall the victim of sexual abuse such as was suffered by [S.M.] at the hands of Appellant." Appellant urges ineffectiveness on the part of appellant's counsel because the State failed to show that the possible difficulties that could occur to the victim were actually observed in the victim herself. As stated, this testimony occurred during the punishment phase of the trial.

■ Appellant mistakenly applies the wrong standard of determining ineffectiveness of counsel by citing the court to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Texas, the *Strickland* standard is only proper to test effectiveness of counsel at the guilt/innocence phase of a non-capital trial and at the guilt/innocence and punishment phases of a capital murder trial. *See Craig v. State,* 825 S.W.2d 128 (Tex.Crim.App.1992).

■ Appellant's sole complaint of ineffective assistance of counsel is directed toward the punishment phase of trial only. The proper test of effectiveness of counsel during the punishment phase of a non-capital case is determining first whether counsel was reasonably likely to render effective assistance and secondly whether counsel in fact reasonably rendered effective assistance. *See Ex parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App. 1980). This standard judges the sufficiency of assistance by counsel in viewing the totality of the representation of the appellant. *Ex parte Cruz,* 739 S.W.2d 53 (Tex.Crim.App. 1987). The appellant is not entitled to errorless counsel whose competency is judged by hindsight. *Id.,* 739 S.W.2d at 58.

■ The admissibility of evidence during the punishment phase of a non-capital felony offense is not a question of logical relevance but that of policy because there are no dis-

crete factual issues at the punishment stage. *Miller–El v. State,* 782 S.W.2d 892 (Tex. Crim.App.1989).

Dr. Vanderpool testified regarding the prognosis and possible symptoms that could manifest in the victim and that at least seven separate impact areas can occur in victims of sexual abuse. They can: (1) suffer from border-line personality disorder, (2) suffer from multiple personalities, (3) exhibit signs of psychosis, (4) exhibit signs of suicidal trends, (5) suffer from P.O.W.-type syndrome, (6) act seductively toward appellant, and (7) end up becoming a prostitute.

■ It is important to note that appellant began fondling the victim at the age of eight years and such abuse escalated to the point of having had intercourse with the victim more than twenty times at the time of trial, when the victim was fifteen years of age. Appellant had manipulated, intimidated, and otherwise threatened the victim if she did not surrender to his sexual advances. Dr. Vanderpool testified based on an extensive history of the victim and her relationship with appellant. He testified that it would take a long time for her to recover and that she needed intensive therapy. It is uncontradicted that the victim was suffering from the effects of the abuse by appellant in many areas. The sentencing jury was entitled to know the probable, long-term psychological effects that she might suffer for which the appellant was blameworthy. *Stavinoha v. State,* 808 S.W.2d 76 (Tex.Crim.App.1991).

We find this evidence to have been admissible, therefore, counsel could not have been ineffective in his assistance. *Jackson v. State,* 846 S.W.2d 411 (Tex.App.—Houston [14th Dist.] 1992, no pet.). Point of error number one is overruled.

■ Appellant complains in his point of error number two that, "The trial court erred in sustaining the State's objection to defense testimony regarding appellant's likelihood to reoffend." Appellant asserts that his brother-in-law, Dan O'Neill, should have been allowed to testify about the possibility that appellant was a threat to commit these same acts again. During direct examination, counsel asked Mr. O'Neill if he believed the ap-

pellant to be a threat to do this again. The prosecutor objected that the question called for speculation and trial counsel immediately withdrew the question. The court then remarked, "Sustained" and trial counsel passed the witness. The record reflects that trial counsel withdrew his question before the trial court could rule, therefore the claimed error was not preserved for review on appeal. TEX.R.APP.P. 52(a). Appellant waived any objection to the trial court's ruling, therefore, this Court has nothing to review. *Posey v. State*, 840 S.W.2d 34 (Tex.App.— Dallas 1992, pet. ref'd). Appellant's point of error number two is overruled, therefore, the judgment of the trial court is affirmed.

AFFIRMED.