Opinion issued October 7, 2004










     


In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00859-CR




JUAN ALVAREZ MUNOZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 935224




MEMORANDUM OPINION

          A jury found Juan Alvarez Munoz guilty of aggravated assault with a deadly
weapon and assessed punishment at four years’ confinement and a $2000 fine, both
suspended. In a single issue, Munoz contends that the trial court improperly excluded
testimony that he did not have a weapon. We affirm. 
Background
          On January 6, 2003, Munoz and his wife, Celeste Munoz Rodriguez, engaged
in an argument. Munoz held a gun to Rodriguez’s head and threatened to shoot her
if she called 911. Rodriguez did not testify at trial, and thus the State presented
hearsay testimony admitted under the excited utterance exception to the hearsay rule. 
Tex. R. Evid. 803(2). The State offered Rodriguez’s 911 tapes of the disturbance call
containing Rodriguez’s statement that her husband had a gun. The apartment
manager and police officers also testified that Rodriquez had told them that her
husband had a gun. 
          During trial, defense counsel called Sara Greene as a witness. Greene
interviewed Rodriguez at the Harris County District Attorney’s office. Defense
counsel asked whether Rodriguez had told Greene during that interview that Munoz
did not have a gun when they had argued. The State objected to the question as
hearsay. In a hearing outside the presence of the jury, defense counsel urged that the
trial court should admit Greene’s testimony to impeach Rodriquez’s statements to
police that her husband had a gun. The defense sought to introduce Greene’s
testimony under three different theories. During the hearing, the State asserted that,
if the court admitted Greene’s testimony, the State could introduce Rodriguez’s
written statement to Officer Resendez immediately after the incident, in which she
stated that Munoz had a gun. The written statement had not been introduced into
evidence. The court indicated that it would admit Rodriguez’s written statement to
police that Munoz had a gun if it allowed Greene’s testimony that Rodriquez said
Munoz did not have a gun. At that point, defense counsel withdrew the question: 
[The State]:Your Honor I would argue if you find that this is part of the
same transaction then also her written statement that she
gave at the time should also come in.
 
[Court]: What do you think [defense counsel]?
 
[Defense]:I’ll withdraw it Your Honor.
 
[Court]:Okay. Do you have any other questions?
 
[Defense]:If The Court agrees with the State on that point – 
 
[Court]:Well if I allow this statement in then I feel that I would
have to let the written statement in. I do agree with that.
 
[Defense]:. . . I’ll withdraw the questioning of this witness. 
Exclusion of Testimony
          Munoz contends that the trial court erred in excluding Greene’s testimony
regarding statements Rodriquez made during the interview at the district attorney’s
office. We review a trial court’s decision to admit or exclude evidence under an
abuse of discretion standard. Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App.
2003); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d). As a prerequisite to presenting a complaint for appellate review, the
record must show that counsel made the complaint to the trial court by a timely
request, objection, or motion, and that the trial court ruled on the request, objection,
or motion, either expressly or implicitly. Tex. R. App. P. 33.1. 
          The State asserts that Munoz waived error. Here, the trial court sustained the
State’s objections to admission of the testimony under Rules of Evidence 806
(attacking & supporting credibility of declarant) and 803(24) (statement against
interest). The trial court, however, offered to admit the hearsay statement on a third
basis. The court explained that if it admitted one hearsay statement, however, it
would admit another that the State sought to admit. The defense then made the
strategic decision to withdraw the question and to discontinue questioning of this
witness. Because the trial court offered to admit the statement on another evidentiary
basis, and counsel then chose to withdraw his question, we hold that Munoz presents
nothing for appellate review. See Tex. R. App. P. 33.1(a); see Napier v. State, 887
S.W.2d 265, 266–67 (Tex. App.—Beaumont 1994, no pet.) (holding error was waived
because counsel withdrew question before court sustained State’s objection); see also
United States v. Tiger, 223 F.3d 811, 813–14 (8th Cir. 2000) (holding that district
court did not rule on matter before defense counsel withdrew his question; therefore,
counsel preserved nothing for review). 
          Munoz also contends that exclusion of the statement violated the Confrontation
Clause of the United States Constitution. U.S. Const. amend VI. We find no merit
Munoz’s contention because defense counsel made the strategic decision to withdraw
the line of questioning. Cf. Anderson v. State, 717 S.W.2d 622, 627 (Tex. Crim. App.
1986 (holding any error in admission of hearsay is harmless if fact to which hearsay
relates is sufficiently proved by other competent and unobjected to evidence). 
Conclusion
          We affirm the trial court’s judgment.



                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2(b).