Opinion issued February 11, 2010.

 



In
The

Court of
Appeals

For
The

First District
of Texas

————————————



NO. 01-08-00156-CR

 



 

Quinton Maxwell Thompson, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 185th District Court 

Harris County, Texas



Trial Court Case No. 1059537

 



 

MEMORANDUM OPINION

A jury found
appellant, Quinton Maxwell Thompson, guilty of aggravated robbery, found an
enhancement paragraph true, and assessed punishment at confinement for
life.  In seven points of error,
appellant contends (1) that the evidence is legally insufficient to support his
conviction for aggravated robbery, and that the trial court erred by (2)
permitting a police officer’s testimony to bolster a witness’s identification
of appellant, (3) permitting the prosecutor to strike at the defendant “over
the shoulders” of his counsel, (4) refusing to permit appellant to question a
witness about the witness’s immigration status, (5) & (6) permitting victim
impact evidence from a person other than the complainant, and (7) permitting
“voluminous amounts of hearsay” to be admitted over his objections.  We affirm.

BACKGROUND

On December 4, 2005, Stela Moreno drove to visit her boyfriend, who lived
nearby.  Moreno parked her car in the
parking lot of her boyfriend’s apartment complex, got out, and began walking
toward his apartment.  As she was walking
through the complex, Moreno noticed a car moving along next to her with two men
in it who were “catcalling” at her.  As
she continued to walk, Moreno heard someone running behind her and she turned
around.  Moreno saw a man running toward
her with a gun.  The man told Moreno
“don’t move” and “give me your purse.” 
When Moreno resisted, the man said, “I’ll shoot your bitch ass if you
don’t give me your [purse].”  After
Moreno gave the man her purse, he told her to “get on out of here, to turn
around and walk away,” which Moreno did. 
As Moreno was walking away, the man patted her on her rear end.            

When Moreno told her boyfriend what had happened, the two decided to
drive around to see if they could find the car in which she had seen
appellant.  While driving around, Moreno
spotted a police officer, so they pulled over and Moreno told the officer she
had been robbed.  

A few days after the robbery, Moreno saw the car that was involved in the
robbery on the news.  She called the
police and was interviewed by Sergeant Ebers. 
Ebers prepared a live line-up, and Moreno “immediately” identified
appellant as the man who had robbed her. 
At trial, Moreno also identified appellant and a photograph of the car
in which he had been riding when the robbery occurred.

During the punishment phase of the trial, the State introduced evidence
of several other robberies to which appellant had been linked.

LEGAL SUFFICIENCY

In his first
point of error, appellant contends the evidence is legally insufficient to
support his conviction.  Specifically,
appellant argues that “[a] rational trier of fact could not have concluded
beyond a reasonable doubt that appellant committed the offense of aggravated
robbery, where the record only shows that the complainant based her
identification of her assailan[t] upon a brief encounter with someone in a
parking lot which was not really well lit.”

In our legal-sufficiency review, we view the evidence in the light most
favorable to the verdict and ask whether any rational trier of fact could have
found the crime’s essential elements beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Laster v.
State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We do not resolve any
conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this was the function of the trier of fact. See Dewberry v.
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Although Moreno
positively identified appellant as the man who robbed her, appellant argues
that Moreno’s testimony is legally insufficient to show the element of identity
because Moreno’s vision at night was limited, she reacted to the robbery by
walking—not running—to her boyfriend’s apartment, the police line-up was
flawed, and no weapon was ever recovered.

It is well
established, however, that a conviction may be based on the testimony of a single eyewitness. Davis v. State,
177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (citing Aguilar
v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971)).  Appellant’s complaints
about the reliability of Moreno’s identification go to the credibility of her
testimony, which we do not review in a legal sufficiency review.  To the extent there are inconsistencies in her testimony, we
must defer to the jury to decide the credibility of the evidence. See Petro
v. State, 176 S.W.3d 407, 412 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d) (holding any discrepancies in description of robber and manner of
witnesses’ in-court and out-of-court identifications are
matters best left for jury's evaluation of credibility
and demeanor of witnesses who appeared before them). 

Regarding appellant’s
complaint that the line-up procedures were flawed, we note that appellant did
not file a motion to suppress the line-up evidence and does not bring a point
of error on appeal asserting that the procedures were unduly suggestive.  Thus, any complaint about the admissibility
of the line-up evidence is waived.  See Tex.
R. App. P.  33.1.   To the extent that appellant is arguing that
the line-up procedures cast doubt on Moreno’s identification, such a complaint
goes to the credibility of her testimony, which we do not review in a legal
sufficiency challenge.

Finally, regarding
appellant’s argument that a weapon was never recovered, we note that the
inability to recover a weapon does not prevent proof that appellant used a weapon.
 See Brockway v. State, 853 S.W.2d
174, 179 (Tex. App.—Corpus Christi 1993, pet. ref’d). The jury was free to
accept or reject Moreno’s testimony that she saw and gun and that appellant
threatened to shoot her with it if she did not comply with his demand. See
Davis, 177 S.W.3d at 358-59.

We overrule point of
error one.

BOLSTERING

In point of
error two, appellant contends the trial court erred by permitting Officer Ebers
to testify that, when Moreno viewed the videotaped line-up, she identified
appellant without reservations.  During
the guilt/innocence phase of trial, the following exchange took place:

[Prosecutor]:  When
you showed [Moreno] the lineup, was she able to make an identification?

[Ebers]:  Yes, she
was.

[Prosecutor]: 
Could you explain to us how quickly she made that identification?

[Ebers]:  She did
so immediately, before they even showed the faces up close.  When they showed all six in a lineup, showing
the entire lineup.

[Prosecutor]:  From
what you personally observed, did it appear as though she had any reservations
when she made this identification?

[Ebers]:  No.

[Defense Counsel]:  Object, calls for a conclusion on the part of
the witness.

[Trial court]:  Overruled.

The State argues that appellant’s objection was untimely and without
merit.  We agree.  Appellant’s objection was not made until
after Ebers had answered the question, and appellant offered no explanation for
his delay in objecting.  See Tex. R. Evid. 103(a)(1) (requiring timely
objection); Lagrone v. State, 942
S.W.2d 602, 618 (Tex. Crim. App. 1997) (“If a defendant fails to object until
after and objectionable question has been asked and answered, and he can show no
legitimate reason to justify the delay, his objection is untimely and error is
waived.”).

Further, Eber’s
testimony is admissible under Tex. R.
Evid. 801(e)(1)(c), which provides that a statement is not hearsay “if
the declarant testifies at trial or hearing and is subject to
cross-examination, and the statement is . . . one of identification of a person
made after perceiving the person.”  Tex. R. Evid. 801(e)(1)(c).  In Smith
v. State, 830 S.W.2d 328, 329 (Tex. App.—Houston [14th Dist.] 1992, no
pet.), the defendant, like appellant here, objected to bolstering when a police
officer testified that the sole eyewitness to the crime had positively
identified the defendant from a photospread. Id.  The court noted that
bolstering was historically disallowed because it was hearsay.  Id.  However, because the eyewitness testified at
trial and was subject to cross-examination, her testimony was not hearsay under
Rule 801(e)(1)(c).  Id.  Thus, the court
concluded, the officer’s testimony was not improper bolstering.  Id.

The same is true in
this case.  Moreno testified about her
identification of appellant at trial and was subject to cross-examination.  Her statement was one of identification after
perceiving a person.  Thus, Eber’s
testimony was not improper bolstering.  See Thomas v. State, 811 S.W.2d 201, 208 (Tex. App.—Houston [1st Dist.] 1991,
pet. ref’d) (holding that, under Rule 801(e)(1)(c), officer’s testimony that
witness identified defendant in lineup was not improper bolstering).

We overrule point of
error two. 

STRIKING AT DEFENDANT OVER
SHOULDERS OF COUNSEL

In point of
error three, appellant contends the trial court erred by failing to sustain his
“objection to the State’s improper jury argument striking at the defense
counsel.”  During closing arguments of
the guilt/innocence phase of trial, the prosecutor argued as follows:

[Prosecutor]: 
There is nothing that defense brought forward to you that would shake
[Moreno] in any way.  Because she knows
exactly who did this to her.  And we got
to be thankful.  You know you can come in
here and you can criticize Sergeant Ebers all you want and its’s easy to sit on
the other side and say, he did this, that and the other wrong, but we got to
thank him for getting this person in here, for making Ms. Moreno feel
safer.  

[Defense counsel]:  Objection to striking defense counsel, Your
Honor, over the shoulders of the defendant.

[Trial Court]: Overruled.

Proper jury argument generally must encompass one of the following areas:
(1) a summation of the evidence presented at trial; (2) a reasonable deduction
drawn from the evidence; (3) an answer to the opposing counsel’s argument; or
(4) a plea for law enforcement. Guidry v. State, 9 S.W.3d 133, 154 (Tex.
Crim. App. 1999); Magana v. State, 177 S.W.3d 670, 674 (Tex. App.—Houston
[1st Dist.] 2005, no pet.). To determine whether a party’s argument properly
falls within one of these categories, we must consider the argument in light of
the record. Magana, 177 S.W.3d at 674. The State may not use closing
argument to “strike” at a defendant over the shoulders of his counsel or accuse
counsel of bad faith. Magana, 177 S.W.3d at 674; see also Mosley v.
State, 983 S.W.2d 249, 258-59 (Tex. Crim. App. 1998). A prosecutor runs the
risk of improperly “striking” at a defendant
over the shoulders of counsel when the argument is made
in terms of defense counsel personally and when the argument explicitly impugns
defense counsel’s character. Mosley, 983 S.W.2d at 259; Magana,
177 S.W.3d at 675. 

While defense counsel is protected from unwarranted attack by the
prosecution, the prohibition “does not create a sanctuary to which defense
counsel may retreat with immunity and thereby deny the prosecutor the right to
reply to counsel’s argument.” Stokes v. State, 506 S.W.2d 860, 864 (Tex.
Crim. App. 1974). It
is permissible for a prosecutor to attack the defense’s argument rather than
defense counsel. See Brown v. State, 270 S.W.3d 564, 572 (Tex. Crim. App.
2008); Magana, 177 S.W.3d at 675. And if defense counsel invites
argument, it is appropriate for the State to respond.  See Swarb v. State, 125 S.W.3d 672, 686
(Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).

During his closing
arguments, defense counsel criticized Detective Ebers’s method of conducting
the line-up.  In response, the prosecutor
argued that, while the defense could criticize Ebers’s methods, Moreno remained
certain in her identification of appellant. 
As such, the prosecutor’s argument was not improper because “the
prosecutor’s argument here was not directed at defense counsel, but defense
counsel’s argument.”  Coble v. State, 871 S.W.2d 192, 205
(Tex. Crim. App. 1993).

We overrule point of
error three.

CROSS-EXAMINATION REGARDING IMMIGRATION STATUS

In point of
error four, appellant contends the trial court erred during the punishment
phase of the trial by refusing to allow appellant to question one of the State’s
witnesses about the witness’s immigration status.  During the punishment phase, the State
presented J. Rivera, who testified about an extraneous robbery offense.  During cross-examination of Rivera, the
following exchange took place:

[Defense Counsel]:  Mr. Rivera, how old are you?

[Rivera]:  32

[Defense Counsel]: 
Were you born in the United States?

[Rivera]:  No.

[Defense Counsel]: 
Are you a citizen?

[Rivera]:  No.

[Defense Counsel]: 
On what basis—what
status do you have in the United States?

          [Prosecutor]:  Objection, Your Honor, to the relevance.

          [Trial
Court]:  Sustained.

[Defense Counsel]:  May I approach?  I’ll be happy to explain it to you outside
the presence of the jury.  Possible bias
and possible—

          [Trial
Court]:  No, counsel, you may not.

Appellant contends the trial court erred when it improperly restricted
his counsel’s cross-examination of Rivera regarding his immigration status.  The State, on the other hand, asserts
appellant has not preserved this issue for appellate review.  We agree.

In
order to raise a point of error on appeal regarding the exclusion of evidence,
“the record must show what the excluded testimony would have been.” Stewart
v. State, 686 S.W.2d 118, 122 (Tex. Crim. App. 1984). Absent such a
showing, “or an offer of a statement concerning what the excluded evidence
would show, nothing is preserved for review.” Id.

As the State correctly points out, appellant made no offer of proof or bill
of exception showing what Rivera’s excluded testimony would have been. Because
appellant did not show what Rivera’s testimony would have been, he has not
preserved this issue for appellate review.  See Loredo v. State, 788 S.W.2d 196,
200 (Tex. App.—Houston
[1st Dist.] 1990, no pet.).

We overrule point of error four.

VICTIM IMPACT EVIDENCE

In points of error five and six, appellant contends the trial court erred
at the punishment phase of the trial when it “permitted the State to introduce
inadmissible victim impact evidence over appellant’s objection that the person
testifying was not the named complainant in the indictment.”  At trial, Deanna Walker and her nephew,
Darrius Singleton, testified that that appellant had burglarized their
home.  Both were asked how the burglary
made them feel.  Walker testified that
she felt “violated” and “angry,” and Singleton testified that he too was
“angry.”  Singleton was also asked if the
burglary had changed him, to which Singleton replied, “Not really, except to be
careful who I bring into my house.” 
Appellant argues that Walker’s and Singleton’s testimony was improper
“victim impact evidence,” which should not have been permitted because they
were not the complainant named in the indictment.

In Cantu v. State, 939 S.W.2d
627, 636 (Tex. Crim. App. 1997), the appellant was charged with murdering Jennifer
Ertman.  The evidence showed that another
girl, Elizabeth Pena, was killed during the same transaction.  Id.  During the punishment phase of the trial,
Pena’s mother testified at trial about the effect that her daughter’s murder
had had on her and the rest of her family. 
Id.   The
court held that because Pena was not the victim named in the indictment, her
mother’s testimony about the impact of her death was irrelevant.  Id.
at 637.

In Roberts v. State, 220 S.W.3d
521, 531 (Tex. Crim. App. 2007), the State presented an extraneous robbery
offense at the punishment phase of the defendant’s trial.  The victim of the extraneous offense, Thomas,
testified about the emotional impact the robbery had had on her life.  Id.  Citing Cantu,
the defendant argued on appeal that Thomas should not have been permitted to
give victim impact testimony because she was not the victim named in the
indictment.  Id.  The court of criminal
appeals disagreed, stating that that, “‘victim impact’ evidence is evidence of
the effect of an offense on people other
than the victim.”  220 S.W.2d at
531.  Because Thomas was the actual
victim of the extraneous offense, her testimony was not “victim impact”
testimony and, as such, Cantu was
distinguishable.  Id.

This case is like Roberts, not Cantu. 
Walker and Singleton are the victims of the extraneous burglary
offense.  Thus, their testimony about the
impact that the burglary had on them is not victim impact testimony.

We overrule points of error five and six.

HEARSAY

In point of error seven, appellant contends the trial court erred by
permitting “voluminous amounts” of hearsay evidence to be introduced.  The State responds that appellant’s point of
error should be overruled because it is multifarious and inadequately
briefed.  We agree.

Appellant’s brief contains seven pages that consist solely of testimony
quoted from the reporter’s record, in which appellant made 19 separate hearsay
objections, all of which were overruled by the trial court.  However, appellant’s  brief provides no independent analysis of
each objection, nor does he explain why his objections should have been
sustained.  Instead, appellant merely
“submits that all the responses set forth above constitutes [sic] inadmissible
hearsay.” 

A multifarious
issue is one that embraces more than one specific ground, or that attacks
several distinct and separate rulings of the court. See Stults v. State,
23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet. refused); Hollifield
v. Hollifield, 925 S.W.2d 153, 155 (Tex. App.—Austin 1996, no writ). By
combining more than one contention in a single issue, an appellant risks
rejection on the ground that nothing is presented for review. Stults, 23
S.W.3d at 205.  But, an appellate court
may address a multifarious issue that is sufficiently
developed in the brief. Foster v. State, 101 S.W.3d 490, 499 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).   Appellant’s
point of error purports to attack 19 separate rulings by the trial court
without offering separate argument or authority on the propriety of each
ruling. We hold that the brief is not sufficiently developed to address these
rulings, thus nothing is presented for review.

In addition, in his
brief, appellant merely concludes that the 19 objectionable statements
constitute hearsay, but does not explain to this Court why the statements are
hearsay or why they do not fit any of the exceptions to the hearsay rule.  “[W]e will not brief appellant’s case for him.”  Heiselbetz v. State, 906 S.W.2d 500,
512 (Tex. Crim. App. 1995). “Counsel, not the Court, represents appellant.  Although the Court has an interest in a just
adjudication, it also has an interest in remaining impartial.”  Ex parte Lowery, 840 S.W.2d 550, 552
n. 1 (Tex. App.—Dallas 1992), overruled on other grounds, 867 S.W.2d 41
(Tex. Crim. App. 1993).  It is incumbent upon counsel to cite specific
legal authority and to provide legal argument based on that authority. Tex.
R. App. P. 38.1(h); See Ex parte Granger, 850 S
.W.2d 513, 515 n. 6 (Tex. Crim. App. 1993).  A point of error that is conclusory and cites
no authority presents nothing for appellate review. See Rhoades v. State,
934 S.W.2d 113, 119 (Tex. Crim. App. 1996); Pierce v. State, 777 S.W.2d
399, 418 (Tex. Crim. App. 1989); Burns v. State, 923 S.W.2d 233, 237
(Tex. App.—Houston [14th Dist.] 1996, pet. ref’d). Therefore, we hold that appellant’s
seventh point of error is inadequately briefed
and we decline to address it.  See
Tex. R. App. P.38.1(h).

We overrule point of
error seven. 

CONCLUSION

We affirm the judgment of
the trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice Radack and Justices Alcala and Higley.

Do not publish.   Tex. R.
App. P. 47.2(b).