**Affirmed and Memorandum Opinion filed August 6, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00480-CR

**ANTONIO CUEVAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1335679**

## M E M O R A N D U M   O P I N I O N

Appellant Antonio Cuevas appeals his first degree felony conviction for engaging in organized criminal activity. He asserts that the trial court erred when it admitted into evidence inadmissible hearsay statements from a police officer regarding the complainant's identification testimony. Because one of the statements is non-hearsay under Tex. R. Evid. 801(e)(1)(C) and because appellant received all of the relief he requested as to the other statement, we affirm.

BACKGROUND

In August 2007, appellant and three or four other individuals drove around an area of Houston that the Southwest Cholos gang claimed as their territory. Appellant and the other individuals were members of the La Primera gang, a rival of the Southwest Cholos. In the same area, complainant Jose Vasquez, a Houstone gang member, was walking with a friend to a nearby park. Appellant and the other La Primera gang members pulled up beside them. Vasquez was wearing all black clothing—a color associated with the Southwest Cholos gang. The front seat passenger of the vehicle asked what gang Vasquez "claimed" to verify if he was a member of the Southwest Cholos. To indicate that he was not a member of the Southwest Cholos gang, Vasquez lifted his shirt to show his Houstone gang affiliation tattoo. The front seat passenger then said "Go, go, go," and appellant, who was sitting in the back seat of the car, began shooting at Vasquez. Vasquez turned around to run after he saw the gun pointed at him, and he was shot in the back. Vasquez now suffers from paraplegia as a result of the gunshot wound.

A few months after the offense, Officer Richard Moreno of the Houston Police gang division interviewed Vasquez. During the interview, Officer Moreno showed Vasquez photo arrays containing photographs of appellant and Alejandro Morales, the suspected front seat passenger.[1] Vasquez identified appellant as the shooter and also identified Morales as the front seat passenger. Appellant was later indicted for engaging in organized criminal activity and entered a plea of not guilty.

At appellant's trial, Officer Moreno was called to testify about Vasquez's prior positive identifications. When the State asked Officer Moreno what role appellant had in the shooting, defense counsel objected that the question called for

---

[1] Alejandro Morales eventually testified during trial that he was the front seat passenger.

hearsay. The judge overruled the objection and Officer Moreno testified that Vasquez previously identified appellant in the photo array as the shooter. Officer Moreno later testified without objection that Vasquez also positively identified Morales in the photo array. When Officer Moreno began to testify that Vasquez identified Morales as the front seat passenger and the person who asked Vasquez if he was a member of the Southwest Cholos, defense counsel objected that the testimony was hearsay. The trial judge sustained the objection.

Later in the trial, Vasquez testified that he previously identified appellant and Morales in a photo array provided by the police. Defense counsel did not object to Vasquez's testimony. Jason Sanchez, another individual who was in the vehicle, testified that appellant had a gun with him and shot Vasquez. Similarly, Morales testified that he previously told the police appellant shot Vasquez. The jury convicted appellant of engaging in organized criminal activity, sentenced him to forty-five years in prison, and assessed a $10,000 fine.

**ANALYSIS**

Appellant presents two issues on appeal. He contends that the trial court erred in admitting Officer Moreno's hearsay testimony regarding (1) Vasquez's prior identification of appellant as the shooter, and (2) Vasquez's prior identification of Morales as the front seat passenger. We consider reach issue in turn.

I.     **The officer's testimony that Vasquez previously identified appellant as the shooter was not hearsay.**

The Texas Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). In addition, the Rules of Evidence specifically classify certain types of statements, which would

3

otherwise constitute hearsay, as non-hearsay statements. One of these exclusions provides that "[a] statement is not hearsay if: . . . [t]he declarant testifies at the trial . . . and is subject to cross-examination concerning the statement, and the statement is . . . one of identification of a person made after perceiving the person . . . ." Tex. R. Evid. 801(e)(1)(C). Addressing this provision in *Smith v. State*, this Court held that a detective's testimony regarding the declarant's pretrial identification of the defendant in a photo array and lineup was not hearsay because the declarant testified at trial, was subject to cross examination, and her statement pertained to identification of a person made after perceiving him. 830 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

This rule applies equally here. The statement appellant contends is hearsay is Vasquez's acknowledgment to Officer Moreno during their interview that Vasquez recognized appellant in the photo array as the shooter. This statement is non-hearsay because it falls within the Rule 801(e)(1)(C) exclusion. The record establishes that Vasquez, the declarant, testified at trial and was subject to cross examination. Furthermore, Vasquez's statement to Officer Moreno identified appellant after perceiving his photograph. Therefore, we conclude that Officer Moreno's statement regarding Vasquez's prior identification of appellant as the shooter was not hearsay. Tex. R. Evid. 801(e)(1)(C); *Smith,* 830 S.W.2d at 330.

Even if the statement were hearsay, however, its admission would have been harmless error. The Texas Court of Criminal Appeals has explained that "an error in admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Here, Vasquez testified at trial that he made a prior identification of appellant to the police. Defense counsel did not object. Furthermore, Sanchez and

Morales testified that appellant was the shooter. Thus, the same evidence that appellant complains of came into evidence later in the trial without objection.

Appellant also contends that the hearsay statement was harmful because it aided the credibility of Vasquez's testimony and his identification of appellant. Appellant's argument falls short because bolstering is no longer a valid objection to a witness' identification of a defendant given the Rule 801(e)(1)(C) hearsay exclusion. *See Jackson v. State*, 846 S.W.2d 411, 414 (Tex. App.—Houston [14th Dist.] 1992, no pet.) ("[Tex. R. Evid. 801(e)(1)(C)] has eliminated bolstering as a valid objection in that such testimony is no longer hearsay."); *Thomas v. State*, 811 S.W.2d 201, 208 (Tex. App.—Houston [1st Dist.] 1991, pet. ref'd) (noting that Tex. R. Evid. 801(e)(1)(C) changed the law concerning bolstering and bolstering is no longer a valid objection).

In sum, even if the statement were hearsay, the trial court's admission of it would have been harmless error because the same evidence came in later without objection, and because bolstering is no longer a valid objection to a witness's identification. Appellant's first issue is overruled.

## II. Appellant's second issue presents nothing for review because he received all the relief he requested at trial.

In his second issue, appellant contends the trial court erroneously overruled his hearsay objection to Officer Moreno's testimony regarding Vasquez's identification of Morales. The record shows, however, that the trial court sustained appellant's objection. Accordingly, there is no trial court error for us to review.

Texas Rule of Appellate Procedure 33.1 provides the minimal requirements for preserving an issue for appeal. As relevant here, the record must show a timely objection that is ruled on by the trial court. Tex. R. App. P. 33.1(a). In addition, the ruling must be adverse to the complaining party. *Nethery v. State*, 692 S.W.2d

686, 701 (Tex. Crim. App. 1985). If an adverse ruling is not given, the party must pursue one because there can be no error if the party receives all the relief they requested. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). The usual sequence for preserving error in the admission of evidence is first to object; if the objection is sustained, to request an instruction to disregard; and finally, to move for a mistrial. *Id.*

Because appellant's objection was sustained and appellant did not request an instruction to disregard Officer Moreno's testimony, he received all the relief that he requested. Therefore, appellant's second issue presents nothing for our appellate review, and we overrule it.

## CONCLUSION

Having overruled appellant's issues on appeal, we affirm the trial court's judgment.


/s/    J. Brett Busby
Justice


Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish — TEX. R. APP. P. 47.2(b).