

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00199-CR

ALCIDES LARRINAGA A.K.A.                                  APPELLANT
ALCIDES LARRINGA

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1328386D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Alcides Larrinaga a.k.a Alcides Larringa appeals his conviction for murder and his fifty-year sentence. We affirm.

### Background Facts

On the evening of May 27, 2013, Joel Gil was visiting a friend's house with his son, Germain Gil. Joel and Germain were outside talking with friends when

---

[1]See Tex. R. App. P. 47.4.

Joel and Appellant got into an argument. Appellant then left the house to walk his dog.

When Appellant returned, Joel and Germain were standing in the street looking at Germain's new car. Joel and Appellant got into another heated argument, and Joel grabbed at Appellant. Appellant shot Joel in the stomach. Joel took a few steps, and Appellant shot him again in the back. Joel fell to the ground, and Appellant shot him in the head.

A number of witnesses called 911, and medics arrived and treated Joel's injuries, but he died of his wounds on the way to the hospital. Appellant was charged by indictment for murder. The indictment also included a habitual offender notice.

At trial, the State showed Germain one of Joel's autopsy photos and asked, "Germain, when you look at this picture, is that how you want to remember your dad?" Appellant objected, and the State withdrew the question.

Appellant admitted that he had shot Joel but claimed that he had done so in self-defense. He said,

> [Joel] grabbed me and he said, give me all your money or I'm going to kill you. And hitting—hitting me. So then when he was hitting me, I pulled the gun out and I went pow pow. And then when he—when he went down, then I just—I gave him three shots. I shot him twice when he had grabbed me and one when he was on the floor.

Appellant testified that when he had been walking his dog, a stranger approached him and offered to sell him a gun. He said he did not check to see if it was loaded or if it worked, but he agreed to buy it for $100. Appellant admitted

2

he was on parole for a felony driving-while-intoxicated conviction. When asked if he knew it was a violation of his parole to possess a firearm, he said, "Yeah, but I bought it."

Because Appellant had admitted that he knew he was violating the law by possessing the gun, the trial court denied Appellant's request for an instruction in the jury charge that his belief that deadly force was immediately necessary was presumed to be reasonable. *See* Tex. Penal Code Ann. § 9.32(b)(3) (West 2011) (stating that actor is entitled to presumption of reasonableness when he "was not otherwise engaged in criminal activity"). A jury found Appellant guilty of murder. The trial court assessed punishment at fifty years' confinement and sentenced Appellant accordingly. Appellant then appealed.

## Discussion

### 1. The jury charge

In his first issue, Appellant argues that the trial court erred by denying his request for an instruction in the jury charge that Appellant's use of deadly force was justified. "[A]ll alleged jury-charge error[s] must be considered on appellate review regardless of preservation in the trial court." *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). In our review of a jury charge, we first determine whether error occurred; if error did not occur, our analysis ends. *Id.*

The jury charge in this case provided a self-defense instruction that stated,

> Upon the law of self-defense, you are instructed that a person is justified in using force against another when and to the degree that the actor reasonably believes the force is immediately

necessary to protect oneself against the other person's use or attempted use of unlawful force. The use of force is not justified in response to verbal provocation alone.

A person is justified in using deadly force against another if he would be justified in using force against another as set out above and when he reasonably believes that such force is immediately necessary to protect himself against the other person's use or attempted use of unlawful deadly force or to prevent the other's imminent commission of robbery.

Appellant also requested an instruction under section 9.32(b) that his belief was reasonable as a matter of law. *See* Tex. Penal Code Ann. § 9.32(b). That section states that an actor's belief that deadly force was immediately necessary is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the deadly force was used:

(A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment;

(B) unlawfully and with force removed, or was attempting to remove unlawfully and with force, the actor from the actor's habitation, vehicle, or place of business or employment; or

(C) was committing or attempting to commit an offense described by Subsection (a)(2)(B);

(2) did not provoke the person against whom the force was used; and

(3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

*Id.* In denying Appellant's request for the instruction, the trial court said,

The Court believes that based upon the testimony of the defendant where he acknowledged on cross-examination that by purchasing the firearm before the alleged shooting and his admission that he knew that he was violating the law for unlawful possession of a firearm by a felon, that that makes this instruction not necessary because he's not entitled to it under the three presumptions as set out in the code.

Appellant argues on appeal that the illegal possession of a firearm by a felon is not the kind of unlawful activity that the legislature contemplated in enacting the statute. The plain meaning of statutory language is "the best indicator of legislative intent." *Shipp v. State*, 331 S.W.3d 433, 437 (Tex. Crim. App. 2011). The statute specifically excludes only Class C misdemeanors and traffic ordinance violations from the type of criminal activity that precludes the reasonableness presumption. Tex. Penal Code Ann. § 9.32(b)(3). "Thus, criminal activity can be broadly construed to comport with the generally understood concept that it would encompass any activity that constitutes a crime." *Barrios v. State*, 389 S.W.3d 382, 393 (Tex. App.—Texarkana 2012, pet. ref'd) (upholding trial court's finding that appellant's illegal immigrant status precluded the reasonableness presumption instruction).

Possession of a firearm by a convicted felon is a third degree felony. Tex. Penal Code Ann. § 46.04(e) (West 2011). Felonies fall within the type of criminal activity prohibited by subsection (b). *See McCurdy v. State*, No. 06-12-00206-CR, 2013 WL 5433478, at *4 (Tex. App.—Texarkana Sept. 26, 2013, pet ref'd) (mem. op., not designated for publication) (stating that appellant was engaged in criminal activity by being a felon in unlawful possession of firearms), *cert. denied*,

5

135 S. Ct. 439 (2014); *Davis v. State*, No. 05-10-00732-CR, 2011 WL 3528256, at *11 (Tex. App.—Dallas Aug. 12, 2011, pet. ref'd) (not designated for publication) (holding defendant was not entitled to presumption because he was a felon in unlawful possession of a firearm); *Hall v. State*, No. 05-09-01368-CR, 2011 WL 1348635, at *4 (Tex. App.—Dallas Apr. 11, 2011, pet. ref'd) (mem. op., not designated for publication) (same). The trial court did not err by refusing the instruction on the reasonableness presumption. We therefore overrule Appellant's first issue. *See Kirsch*, 357 S.W.3d at 649.

## 2. Prejudicial evidence

In his second issue, Appellant argues that the trial court erred by admitting into evidence an autopsy photograph. An appellate court reviews a trial court's decision to admit evidence for an abuse of discretion. *Sauceda v. State*, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004). A trial court abuses its discretion in admitting evidence if that decision falls outside the wide zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Evidence may be excluded under Texas Rule of Evidence 403 if its probative value is substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. In a rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to

6

confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *See Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). "Autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy itself." *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009), *cert. denied*, 560 U.S. 966 (2010). A photograph is also "generally admissible if verbal testimony about the matters depicted in the photograph is also admissible." *Paredes v. State*, 129 S.W.3d 530, 539 (Tex. Crim. App. 2004).

The photograph was introduced as State's Exhibit 33 while the State was questioning Germain. The following exchange took place:

> [THE STATE:] Germain, I'm sorry to show you this picture, but I need you to turn over State's Exhibit 33, if you would.
>
> The person in State's Exhibit 33, Germain, who is that?
>
> [GERMAIN]: That's my dad.
>
> [THE STATE]: We'll offer State's 33, Your Honor.
>
> [APPELLANT]: Your Honor, we object that the prejudicial effect outweighs the probative value.
>
> THE COURT: May I see it[?] That objection's overruled. State's Exhibit 33 is admitted.
>
> [THE STATE]: Permission to publish to the jury, Your Honor?

7

THE COURT: Yes, sir.

[THE STATE]: Actually, you know what, Judge, I'm going to publish it by showing the photo.

THE COURT: That's fine.

[THE STATE:] Germain, when you look at this picture, is that how you want to remember your dad?

[APPELLANT]: I'm going to object that, Your Honor, it has no value whatsoever.

[GERMAIN:] No, sir.

[THE STATE]: I'll withdraw the question.

THE COURT: Okay.

Appellant argues that the "sole reason to introduce such a photo was not merely to prejudice the jurors but to intentionally inflame their minds in an unfair manner." *See* Tex. R. Evid. 403.

The photograph shows Joel from the shoulders up. The small bullet wound in his cheek is visible, and he has blood on his face and chest. He is in a neck brace and has a breathing apparatus over his mouth. The photograph is no more gruesome than would be expected given the nature of the injuries. Seven more autopsy photos, arguably more gruesome than State's Exhibit 33, were used by the medical examiner during his testimony regarding Joel's wounds and were admitted into evidence. Appellant objected to their admission at trial, but he does not complain about them on appeal.

It is clear from Appellant's argument on appeal that his complaint is really regarding the State's question asking Germain if the photograph is "how [he] wants to remember [his] dad." The State withdrew the question, however, and Appellant neither requested an instruction to disregard the question or the answer nor asked for a mistrial after Germain responded. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) ("The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard.")*; Napier v. State*, 887 S.W.2d 265, 266–67 (Tex. App.—Beaumont 1994, no pet.) (holding error was not preserved because counsel withdrew question before trial court sustained objection). We therefore overrule Appellant's second issue.

## 3. Police detective's opinion

In his third issue, Appellant argues that the trial court erred by allowing a police detective to opine whether this was a case of self-defense. At trial, the detective was asked:

> Q. Detective, you did a narrative in this case, correct?
>
> A. Yes.
>
> Q. And I assume, do the crime scene officers do a narrative or a report?
>
> A. Yes.
>
> Q. Okay. You look over that?
>
> A. I have in the past, yes.

9

Q. Look at the crime scene photos?

A. Oh, yes.

Q. Look at the autopsy report?

A. Yes.

Q. Okay. Detective, based upon your investigation, and especially looking at the injuries from the autopsy report, do you feel that this is a case of self-defense?

A. No.

Appellant objected that the detective had not been established as an expert. The trial court overruled the objection.

A person may offer an opinion as a lay witness if it is based on the perception of that person and helpful to a clear understanding of his testimony or determination of a fact in issue. Tex. R. Evid. 701. Personal knowledge of the underlying facts satisfies rule 701's perception requirement. *Solomon v. State,* 49 S.W.3d 356, 364 (Tex. Crim. App. 2001) (quoting *Fairow v. State*, 943 S.W.2d 895, 899 (Tex. Crim. App. 1997)). "The personal experience and knowledge of a lay witness may establish that he or she is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge." *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002) (citing *United States v. James Earl Paiva*, 892 F.2d 148, 157 (1st Cir. 1989)). A police officer's personal knowledge may come from his past experience. *See Roberson v. State*, 100 S.W.3d 36, 39 (Tex. App.—Waco 2002, pet. ref'd) (collecting cases). Whether an opinion meets the fundamental requirements of

rule 701 is within the sound discretion of the trial court. *Fairow*, 943 S.W.2d at 901.

The detective testified that he had been with the Fort Worth Police Department for nineteen years and that he had been in the homicide unit since 2011. He had been lead detective on twenty homicide cases and had assisted on an additional twenty or thirty cases. This past experience and his personal investigation of the case meet the perception requirement of rule 701. *See Roberson*, 100 S.W.3d at 39. The detective's testimony was helpful in determining whether Appellant shot Joel in self-defense, thus satisfying the second prong of rule 701. The trial court therefore did not abuse its discretion by admitting the testimony. *See James v. State*, 335 S.W.3d 719, 726 (Tex. App.—Fort Worth 2011, no pet.) (holding that trial court did not abuse its discretion by permitting police officer to testify whether appellant's assertion of self-defense made sense in light of what the officer perceived in her investigation).

Even if the detective's testimony was admitted in error, the error was harmless. *See Barshaw v. State*, 342 S.W.3d 91, 93 (Tex. Crim. App. 2011) (stating that the appellate court will not overturn a criminal conviction for non-constitutional error if, after examining the record as a whole, we have fair assurance that the error did not influence the jury or had but a slight effect). Considering the testimony from the other witnesses regarding the disputes between Joel and Appellant that day, the detective's testimony did not have a substantial or injurious effect on the jury's verdict and did not affect Appellant's

11

substantial rights. *See Petriciolet v. State*, 442 S.W.3d 643, 653–54 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (holding that erroneous admission of testimony was harmless when ample evidence supported the jury's punishment assessment); *Derichsweiler v. State*, 359 S.W.3d 342, 347 (Tex. App.—Fort Worth 2012, pet. ref'd) (holding that admission of toxicology report over hearsay objection was harmless "in the context of the entire case against Derichsweiler"). We overrule Appellant's third issue.

## Conclusion

Having overruled Appellant's three issues, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: WALKER, GABRIEL, and SUDDERTH, JJ.

SUDDERTH, J. filed a concurring opinion

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 6, 2015

12